761 A.2d 881

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Robert L. KOVEN.

Misc. AG No. 35, Sept. Term, 1999.

Court of Appeals of Maryland.

Nov. 8, 2000.

Melvin Hirshman, Bar Counsel and Gail D. Kessler, Asst. Bar Counsel for the Attorney Grievance Com'n of Maryland, for petitioner.

Robert L. Koven, Rockville, pro se.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL and HARRELL, JJ.

CATHELL, Judge.

Bar Counsel, on behalf of the Attorney Grievance Commission (AGC), petitioner, and at the direction of the Review Board, filed a Petition for Disciplinary Action with this Court against Robert L. Koven, Esquire, respondent, pursuant to Maryland Rule 16–709. In the Petition, Bar Counsel alleges violations of Rules 1.1, 1.3, 1.4, 1.16, 8.1, and 8.4 of the Maryland Rules of Professional Conduct (MRPC), based on a complaint filed against respondent. This Court referred the matter to Judge Nelson W. Rupp, Jr. of the Circuit Court for Montgomery County, to conduct an evidentiary hearing in accordance with Maryland Rule 16–709(b). Evidentiary hearings were conducted on March 9, 2000 and June 12, 2000, and a statement of findings of facts and conclusions of law was filed on July 17, 2000, in accordance with Maryland Rule 16–711(a). Judge Rupp found by clear and convincing evidence that respondent violated MRPC 1.1, 1.3, 1.4, 1.16(d), 8.1(b), 8.4(b), 8.4(c), and 8.4(d). Respondent has failed to file any exceptions to the findings of facts and conclusions of law made by Judge Rupp. We shall suspend respondent indefinitely, granting him permission to apply for readmission after two years.

## I. Facts

This disciplinary action arose out of one complaint filed by Mitchell N. Roth, Esquire, who had been retained to determine the status of work that respondent had not completed.

**BC Docket No. 99–259–16–9**
**Complaint of Mitchell N. Roth, Esquire**

There is evidence in the record, and Judge Rupp found that, in the summer of 1997, respondent was retained by COMSO, Incorporated (COMSO) to file applications for Alien Labor Certifications for three of COMSO's employees, Ming Jian, Pradeep Karnati, and Radhika Madireddy. Respondent billed COMSO $3,000.00 for the preparing and filing of the three applications in the beginning of August 1997. COMSO paid

respondent for his services with a check dated September 12, 1997. Respondent accepted the payment even though he never prepared or filed the Alien Labor Certification application for Radhika Madireddy and he prepared, but did not file, the applications for Ming Jian and Pradeep Karnati.

Respondent deceived COMSO and Mr. Karnati into believing that Mr. Karnati's application had been filed and that the United States Department of Labor was processing the application. Respondent provided COMSO and Mr. Karnati with a receipt for the application bearing the Control No. 9679783; however, the receipt actually belonged to one of respondent's other clients and had been altered by respondent to refer to Mr. Karnati. Respondent also supplied COMSO and Mr. Karnati with other false and misleading information. Correspondence from the Department of Labor, dated December 30, 1997, was given to COMSO and Mr. Karnati; however, respondent had inserted the names of COMSO and Mr. Karnati where appropriate. The correspondence was originally addressed to DelcoLine, Incorporated and its employee, Moseen Morani, both former clients of respondent. COMSO and Mr. Karnati also received copies of two letters, dated March 2, 1998 and June 22, 1998, addressed to the Department of Labor from respondent, concerning Mr. Karnati's application. Respondent never sent these letters to the Department of Labor. On February 4, 1998, respondent faxed a cover sheet to COMSO that stated that the Department of Labor was currently making a decision on reduction and recruitment cases. On March 23, 1998, Mr. Karnati received a fax from respondent that stated that "[a] ruling on this [the application] is expected the first week of April."

Respondent also deceived COMSO and Mr. Jian as to the status of Mr. Jian's application. COMSO and Mr. Jian received a copy of a Department of Labor letter, dated February 2, 1998, acknowledging receipt of Mr. Jian's application. The letter had been altered by respondent. The letter was originally written to respondent's client Today's Dental Care and its employee, Marcel Jimenez.

COMSO retained Mr. Roth in the spring of 1998 to determine the status of the applications of its three employees. Respondent did not inform COMSO, its employees, or Mr. Roth that the applications had not been filed. Respondent also failed to refund the $3,000.00 he received for preparing and filing the applications.

Respondent's actions since the commencement of this disciplinary proceeding have been uncooperative. Bar Counsel sent letters to respondent dated November 6, 1998 and November 23, 1998; respondent failed to answer either letter. Bar Counsel's investigator called and left seven messages for respondent between December 22, 1998 and January 25, 1999; respondent did not respond to any of the calls. Respondent was also delinquent in filing a response to the Petition for Disciplinary Action and in providing discovery to Bar Counsel.

Based upon the aforementioned findings of facts, Judge Rupp concluded that respondent violated the following in his representation:

1. Respondent violated MRPC 1.1[1] (Competence), when he failed to prepare and file the application of Radhika Madireddy and when he failed to file the applications of Pradeep Karnati and Ming Jian. Respondent also violated MRPC 1.1 when he failed to cooperate and assist COMSO's replacement counsel, Mitchell Roth, in his effort to determine the status of the applications.

2. Respondent violated MRPC 1.3[2] (Diligence), when he failed to file the applications.

3. Respondent violated MRPC 1.4[3] (Communication), when he failed to communicate with COMSO, Mr. Jian,

---

1. MRPC 1.1 (Competence) states that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

2. MRPC 1.3 (Diligence) states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

3. MRPC 1.4 (Communication) provides that:

Mr. Karnati, and Mr. Madireddy about the status of their applications.

4. Respondent violated MRPC 1.16(d)[4] (Declining or terminating representation), by failing to truthfully advise Mr. Roth of the status of the applications and by failing to refund the $3,000.00 fee he had received from COM-SO for the work that he had allegedly done on the applications.

5. Respondent violated MRPC 8.1(b)[5] (Bar admission and disciplinary matters), when he failed to cooperate with Bar Counsel's investigation and failed to timely respond to Bar Counsel's Petition for Disciplinary Action and requests for discovery.

6. Respondent violated MRPC 8.4(b)[6] (Misconduct), when

---

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

**4.** MRPC 1.16 (Declining or terminating representation) provides in relevant part that:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

**5.** MRPC 8.1 (Bar admission and disciplinary matters) provides in relevant part that:

An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

. . .

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

**6.** MRPC 8.4 (Misconduct) provides in relevant part that:

he accepted payment for work not performed and thereafter concealed that fact from COMSO and its employees.

7. Respondent violated Rule 8.4(c) and (d)[7] (Misconduct), by engaging in a continuing course of dishonesty. Respondent intentionally altered Department of Labor letters and alien certification receipts, he created letters and faxes to mislead COMSO and its employees, and he submitted a false billing statement.

## II. Discussion

As we stated in *Attorney Grievance Commission v. Sheridan*, 357 Md. 1, 17–18, 741 A.2d 1143, 1152 (1999):

[T]his Court has original jurisdiction over all attorney disciplinary proceedings. The responsibility to make final determinations of an attorney's alleged misconduct is reserved to us. As to disputed findings of fact made by [the hearing judge], " 'we [make] an independent, detailed review of the complete record with particular reference to the evidence relat[ed] to the disputed factual finding.' " In reviewing the record, however, this Court adheres to the fundamental principle that the factual findings of the assigned judge in an attorney disciplinary proceeding "are *prima facie* correct and will not be disturbed on review unless clearly erroneous." This means that we will not tamper with the factual findings if they are grounded on clear and convincing evidence. We also keep in mind that it is elementary that the judge "may elect to pick and choose which evidence to rely upon." Such deference is paid, in part, because she [or he]

---

It is professional misconduct for a lawyer to:

. . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice . . . .

**7.** *See, supra,* note 6.

is in the best position to assess first hand a witness's credibility. We add, however, that "an attorney in a disciplinary proceeding need only establish factual matters in defense of an attorney's position by the preponderance of evidence, including whether mitigating circumstances existed at the time of the alleged misconduct." [Alterations in original.] [Internal citations omitted.]

As we discussed, *supra*, after an independent examination of the record and the trial court's findings, we agree with the findings of fact and conclusions of law made by Judge Rupp.

## III. Suspension

Regarding the proper sanction to be imposed, we said recently in *Attorney Grievance Commission v. Franz*, 355 Md. 752, 760–61, 736 A.2d 339, 343–44 (1999):

It is well-settled that the purpose of disciplinary proceedings is to protect the public rather than to punish the erring attorney. The public interest is served when this Court imposes a sanction which demonstrates to members of the legal profession the type of conduct that will not be tolerated. By imposing such a sanction, this Court fulfills its responsibility "to insist upon the maintenance of the integrity of the Bar and to prevent the transgression of an individual lawyer from bringing its image into disrepute." Therefore, the public interest is served when sanctions designed to effect general and specific deterrence are imposed on an attorney who violates the disciplinary rules. Of course, what the appropriate sanction for the particular misconduct is, in the public interest, generally depends upon the facts and circumstances of the case. The attorney's prior grievance history, as well as facts in mitigation, constitutes part of those facts and circumstances. [Internal citations omitted.]

Bar Counsel recommends disbarment as the appropriate sanction in this case. Bar Counsel states that respondent engaged in a continuing course of dishonesty, failed to cooperate with Bar Counsel's investigation, failed to timely answer the Petition for Disciplinary Action, failed to timely respond to

Bar Counsel's request for discovery, and committed acts that he knew were wrong.

In *Attorney Grievance Commission v. David*, 331 Md. 317, 323, 628 A.2d 178, 181 (1993), we suspended an attorney indefinitely from the practice of law because the attorney's representation of four clients was marked by serious neglect and inattention; he "failed to return a fee which was unearned for a period of nine months; he failed to timely remit funds he received on behalf of a client; he failed to communicate with his clients; and in connection with the investigation of three of the complaints, [he] failed to answer Bar Counsel's requests for information." *Id.* We granted him the right to apply for reinstatement after the suspension had been in effect for six months.

In *Attorney Grievance Commission v. Brown*, 353 Md. 271, 725 A.2d 1069 (1999), the attorney was found to have violated MRPC 1.3, 1.4, 3.3, 5.5, 7.1, 7.5, 8.1, and 8.4. The trial court determined that since the ethical violations had occurred, the attorney "ha[d] reduced his case load since the complaints were filed, sought a mentor on case management procedures through the National Bar Association, changed his office mailing procedures, and sought counseling for his 'tendencies' to procrastinate." *Id.* at 296, 725 A.2d at 1081. Despite the mitigating factors, this Court determined that an indefinite suspension with the right to apply for readmission in one year was appropriate.

In *Attorney Grievance Commission v. Alison*, 349 Md. 623, 709 A.2d 1212 (1998), the grievance arose out of three separate complaints filed against the attorney. We determined that the attorney, through his filing of a frivolous claim and his refusal to respond to the Attorney Grievance Commission, had violated MRPC 3.1, 4.4, 8.1, and 8.4. We were also disturbed by the attitude of the attorney as we stated:

Respondent to this day has very little or no appreciation of the seriousness of his misconduct and has continued to engage in a pattern of harassing conduct. Such a pattern of behavior demonstrates Respondent's inability to conform his

conduct within the bounds of the Maryland Lawyers' Rules of Professional Conduct. This Court cannot tolerate Respondent's behavior and his continued refusal to accept responsibility for his actions, especially in light of the fact that this Court previously imposed a ninety-day suspension for violations of Rules of Professional Conduct 4.4 and 8.4(d).

*Id.* at 644, 709 A.2d at 1222. This Court held that the attorney would be indefinitely suspended with the right to apply for readmission after two years.

In *Attorney Grievance Commission v. Mooney,* 359 Md. 56, 753 A.2d 17 (2000), we found that an attorney violated MRPC 1.1, 1.3, 1.4, 5.1, 5.3, and 8.4. We suspended the attorney indefinitely, with permission to apply for readmission after ninety days subject to the attorney engaging a monitor acceptable to Bar Counsel. We found that the attorney's representation of four clients was marred by a failure of the attorney to appear in court, a serious lack of communication, a failure to file appropriate motions, a lack of competence, a failure to properly manage the attorney's office staff, and a failure to properly subpoena witnesses and obtain records.

Respondent violated MRPC 1.1, 1.3, 1.4, 1.16(d), 8.1(b), 8.4(b), 8.4(c), and 8.4(d). Consistent with *David, Brown, Alison* and *Mooney,* we find an indefinite suspension to be the appropriate penalty. We order that respondent may apply for readmission to the Maryland Bar no sooner than two years from the effective date of his suspension, which shall commence thirty days after this opinion is filed.

**IT IS ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715(c), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST ROBERT L. KOVEN; RESPONDENT'S SUSPENSION SHALL COMMENCE THIRTY DAYS FROM THE FILING OF THIS OPINION.**