644 A.2d 43

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Leonard Louis CASALINO.

Misc. (Subtitle BV) No. 41, Sept. Term, 1993.

Court of Appeals of Maryland.

July 14, 1994.

---

Melvin Hirshman, Bar Counsel, and Walter D. Murphy, Jr., Deputy Bar Counsel for the Attorney Grievance Commission of Maryland, Crownsville, for petitioner.

Melvin G. Bergman, Beltsville, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

KARWACKI, Judge.

On February 12, 1993, in the United States District Court for the District of Maryland, Leonard Louis Casalino (the "Respondent") entered a guilty plea to a criminal information charging him with willfully attempting to evade and defeat income tax due for the tax years 1988, 1989, and 1990, in violation of 26 U.S.C. § 7201 (1988).[1]  On May 18, 1993,

---

1.  The criminal information charged:

   "On or about April 1, 1989, April 15, 1990, and March 21, 1991, in the State and District of Maryland, the defendant, Leonard Louis Casalino, a resident of Huntingtown, Maryland, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar years 1988, 1989, and 1990, by preparing and causing to be prepared, and by signing and causing to be signed, false and fraudulent U.S. Individual Income Tax Returns, Form 1040s, which were filed with the Internal Revenue Service, wherein he stated that his taxable income for the

Respondent was sentenced to two years probation, required to perform 160 hours of community service, required to make restitution of $20,000 to the Internal Revenue Service (to be credited against any tax liability finally determined to be due), and required to forfeit clear title to his 1990 Toyota automobile to the United States Government. Subsequently, pursuant to Maryland Rule BV16, the Attorney Grievance Commission, acting through Bar Counsel, petitioned this Court to suspend Respondent from the practice of law. No cause to the contrary being shown, Respondent was suspended from the practice of law on October 4, 1993, until further order of this Court.

Thereafter, the Attorney Grievance Commission, again acting through Bar Counsel, petitioned this Court for disciplinary action pursuant to Md. Rules BV9 and BV16(c). The Commission alleged that Respondent committed professional misconduct in violation of Md. Rule 1230, and specifically, that Respondent violated the following Maryland Rules of Professional Conduct:

Rule 8.4. Misconduct.

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice.

---

said calendar years was a total of $21,252, and that the amount of tax due and owing was a total of $12,337, whereas, as he then and there well knew and believed, his taxable income for the said calendar years was substantially in excess of that heretofore stated and that upon said additional taxable income a substantial additional tax was due and owing to the United States of America."

In answer, Respondent admitted to his conviction for willfully attempting to evade federal income taxes, acknowledged that his conviction was final, and conceded that his conviction was conclusive proof of his guilt of that crime under Md. Rule BV10 e 1. He asserted, however, that a sanction less than disbarment would be appropriate in his case because (1) tax evasion is not a crime of moral turpitude *per se;* (2) Respondent is not unfit to practice law and he is not a danger to the public, his clients, or the community; and (3) mitigating factors, both related and unrelated to this offense, are present.

Thereafter, we referred the matter, pursuant to Md. Rule BV16 c, to Judge Larnzell Martin, Jr. of the Circuit Court for Prince George's County to conduct a hearing and to report his findings of fact and conclusions of law on the evidence produced before him. At the hearing, Respondent presented the testimony and written statements of numerous Prince George's County judges and lawyers who attested to his outstanding reputation in the legal community and stated that their opinions as to Respondent's honesty and veracity were not diminished by his conviction for tax evasion. He also presented evidence of his outstanding reputation in his general community and his extensive involvement with a youth lacrosse program in Charles County.

Judge Martin found that Respondent had indeed violated § 7201 of the Internal Revenue Code and had been sentenced as set forth above. He noted, however, that except for the facts giving rise to his crime, Respondent has been a person of good character and judgment. He also found that Respondent has maintained an outstanding reputation among members of the bar and bench as always well-prepared, fair and zealously protective of the best interests of his clients; that Respondent's conviction of tax evasion has not diminished the opinion that members of the community have as to his veracity and honesty; that when Respondent became aware of the charges against him, he acted promptly to protect his clients and assure that his personal circumstances did not interfere with his representation of those clients; and that Respondent did not attempt to avoid or diminish responsibility for the acts

giving rise to his conviction, and spared the Internal Revenue Service, the United States Department of Justice and the Petitioner unnecessary expense in the prosecution of the charged offense. He further found that Respondent has developed and operated a lacrosse program for the youth in his community and has assisted in obtaining college placement and financial aid for program participants. Finally, he found that "no extraordinary or extenuating circumstances existed at the time" Respondent committed the crime of which he has been convicted. Judge Martin then concluded "from clear and convincing evidence:"

"1. That the Respondent's conviction is conclusive proof of his guilt of the charged crime;

2. That the crime of willfully attempting to evade and defeat income tax due is a crime of moral turpitude;

3. That the crime of willfully attempting to evade and defeat income tax due is a crime involving dishonesty, fraud, deceit and misrepresentation;

4. That the crime of willfully attempting to evade and defeat income tax due constitutes conduct that is prejudicial to the administration of justice;

5. That the crime of willfully attempting to evade and defeat income tax due constitutes an act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; and

6. That the Respondent has violated Rules 8.4(b), 8.4(c) and 8.4(d) of the Maryland Rules of Professional Conduct."

Judge Martin then recommended that Respondent be suspended from the practice of law for an appropriate period of time. This recommendation was based on Respondent's general good character and his reputation among members of the local bar and bench as an honest, trustworthy and fit attorney, despite his conviction.

■ Respondent takes exception to Judge Martin's conclusion that "the crime of willfully attempting to evade and defeat income tax due is a crime of moral turpitude." Respondent contends that tax evasion is not a crime of moral turpitude *per*

*se,* and that in any event, moral turpitude ceased to be an enumerated factor in disciplinary proceedings upon replacement of the former Maryland Code of Professional Responsibility with the Maryland Rules of Professional Conduct on January 1, 1987.[2] We uphold this exception in part and reverse it in part. We hold that tax evasion is indeed a crime of moral turpitude, but agree that moral turpitude is no longer a factor in disciplinary proceedings. The fact that "crime of moral turpitude" was removed as a factor in disciplinary proceedings does not mean that there now is no such thing as a crime of moral turpitude. Tax evasion is every bit as dishonest, fraudulent and morally repugnant now as it was before 1987. The only difference under present Rule 8.4 of the Rules of Professional Conduct is that a crime's status as one of moral turpitude is irrelevant to whether a lawyer has been guilty of the misconduct proscribed by that rule. Under the current rule, a lawyer's commission of a crime or conduct enumerated in Rule 8.4 will subject that lawyer to discipline irrespective of whether the crime is also one of moral turpitude. *See* Comment to Rule 8.4.

■ Respondent also excepts to Judge Martin's conclusion that "the crime of willfully attempting to evade and defeat income tax due is a crime involving dishonesty, fraud, deceit or misrepresentation." Respondent concedes that his conduct was dishonest, but contends that it was not fraudulent, deceitful or misrepresentative, particularly in light of his candor and cooperation with the Internal Revenue Service investigation. We overrule this exception because Respondent's attempt to defeat and evade income tax was indeed fraudulent, deceitful and misrepresentative. In *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 318 A.2d 811 (1974), we made clear that tax

---

**2.** Prior to January 1, 1987, the former Code of Professional Responsibility provided in relevant part:

"DR 1–102 Misconduct.

(A) A lawyer shall not:

   (3) Engage in illegal conduct involving moral turpitude."

evasion is every bit as reprehensible as misappropriation of client funds:

> "[W]e see no significant moral distinction between willfully defrauding and cheating for personal gain a client, an individual, or the government. Cheating one's client and defrauding the government are reprehensible in equal degree."

*Id.* at 550, 318 A.2d at 815. Furthermore, while Respondent's cooperation with the authorities is commendable, this after-the-fact cooperation does not make his tax evasion any less fraudulent, deceitful or misrepresentative. In *Maryland St. Bar Ass'n v. Callanan,* 271 Md. 554, 318 A.2d 809 (1974), we said that a lawyer's cooperation with the authorities *subsequent* to his criminal activity, and then only because it was detected, would not "serve to palliate the evil of his offense." *Id.* at 557, 318 A.2d at 810.

█ Respondent's final exception is that the facts of this case do not support Judge Martin's finding that "the crime of willfully attempting to evade and defeat income tax due constitutes conduct that is prejudicial to the administration of justice." While certain conduct, such as suborning witnesses, destroying evidence or making false representations to the court, would have a more direct impact on the administration of justice, acts of dishonesty by lawyers also impede the judicial system. It must always be remembered that a lawyer is an officer of the court. Any time a lawyer commits an act of dishonesty, fraud or deceit, the public loses confidence in the integrity of those officers and the judicial system as a whole. *See Agnew, supra,* 271 Md. at 549, 318 A.2d at 814.

Having addressed Respondent's exceptions to the findings of fact and conclusions of law, there remains for our consideration the appropriate sanction to be applied here. Bar Counsel recommends disbarment.

█ We have held repeatedly that willful tax evasion is a crime infested with fraud, deceit and dishonesty, and will result in automatic disbarment absent clear and convincing evidence of a compelling reason to the contrary. *Attorney*

*Griev. Comm'n v. Clinton,* 308 Md. 701, 705, 521 A.2d 1202, 1204 (1987); *Bar Ass'n of Balto. City v. Siegel,* 275 Md. 521, 524, 340 A.2d 710, 712 (1975); *Maryland St. Bar Ass'n v. Callanan,* 271 Md. at 556, 318 A.2d at 810; *Maryland St. Bar Ass'n v. Agnew,* 271 Md. at 551, 318 A.2d at 815. Since no compelling or extenuating circumstances were found to have existed at the time Respondent willfully attempted to evade federal income taxes, we hold that disbarment is the appropriate sanction.

*IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV 15 c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST LEONARD LOUIS CASALINO.*

CHASANOW, J., would impose a period of suspension rather than disbarment as the appropriate sanction.