*Attorney Grievance Commission v. Michael Craig Worsham*
Misc. Docket AG No. 14, September 2013 Term


**Attorney Discipline – Willful Failure to File Tax Returns or Pay Tax Liability – Disbarment.** Disbarment is the appropriate sanction when an attorney, with fraudulent intent, fails to file federal or State income tax returns, and pay related income taxes, over an eight-year period, attempts to conceal income from federal and State tax agencies, and, after his misconduct is detected, raises frivolous arguments in the federal courts and the Court of Appeals concerning his federal tax liability – arguments that, even if they had any merit as to his federal tax liability, would not excuse the failure to file State income tax returns and pay his State tax liability. MLRPC 3.1, and 8.4(a), (b), (c) & (d).

Circuit Court for Harford County
Case No. 12-C-13-1414
Argued: October 2, 2014

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 14

September Term, 2013

ATTORNEY GRIEVANCE COMMISSION

v.

MICHAEL CRAIG WORSHAM

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

Opinion by McDonald, J.

Filed: December 23, 2014

Among other things, an attorney is an "officer of the legal system and a public citizen."[1] If this is a special role in a nation that prides itself on the rule of law, then it entails a special responsibility to abide by the law. It also means that, when acting as an advocate, a lawyer must advance only arguments that are good faith interpretations of existing law or good faith efforts to change existing law. Fraudulent conduct and frivolous argument to avoid a civic obligation are antithetical to the lawyer's role.

Respondent Michael Craig Worsham carved out a practice that concentrated in the private enforcement of federal and state laws prohibiting unsolicited faxes and telephone calls – a role specifically provided in those statutes that augments public enforcement efforts and that is sometimes referred to as a "private attorney general."[2] Mr. Worsham, however, proved to be less law-abiding in the conduct of his private affairs. As his practice grew more lucrative, he ceased to file income tax returns or pay income taxes. When detected, he attempted to justify his conduct with well-worn meritless arguments about the constitutionality and validity of the federal income tax – arguments that he repeated in his filings with us even after he had lost at every level in the federal courts and that, he ultimately conceded, had no bearing on his obligation to comply with State tax laws.

We hold that the willful failure to file income tax returns and pay income taxes, when done with fraudulent intent, merits disbarment.

---

[1] Maryland Lawyers' Rules of Professional Conduct, *Preamble: A lawyer's responsibilities* [1].

[2] *E.g., Charvat v. EchoSstar Satellite, LLC,* 630 F.3d 459, 461 (6th Cir. 2010).

## Background

*Procedural Posture*

In May 2013 the Attorney Grievance Commission ("Commission") charged Mr. Worsham with violating numerous provisions of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") and related Maryland Rules. The alleged violations can be divided into two categories: (1) violations related to Mr. Worsham's failure to file federal and State income tax returns and to pay income taxes for tax years 2005 through 2012; and (2) violations related to Mr. Worsham's representation of four clients during the same time period. Pursuant to Maryland Rule 16-752(a), this Court designated Judge Angela M. Eaves of the Circuit Court for Harford County to conduct a hearing concerning the alleged violations and to provide findings of fact and recommended conclusions of law.

Following a two-day evidentiary hearing, the hearing judge issued a 91-page memorandum detailing her findings of fact and analyzing the application of the MLRPC and Maryland Rules to those facts. She concluded that there was clear and convincing evidence that Mr. Worsham had committed nearly all of the violations alleged by the Commission – including, specifically, violations of MLRPC 1.2(a) (scope of representation and allocation of authority between client and lawyer), 1.4 (communication), 1.5 (fees), 1.8 (conflict of interest), 1.9 (duties to former clients), 1.15 (safekeeping property), 1.16 (declining or terminating representation), 3.1 (frivolous claims and contentions), 8.1 (failure to cooperate

with Bar Counsel), and 8.4 (misconduct), as well as Maryland Rules 16-606.1 (trust account record-keeping) and 16-607 (commingling of funds). The hearing judge found that Mr. Worsham did not demonstrate by a preponderance of the evidence anything that would mitigate the sanction we should impose.

In November 2013, while this matter was pending before the hearing judge, the United States District Court for the District of Maryland temporarily suspended Mr. Worsham from his right to practice in that court. That action was a result of Mr. Worsham's failure to file tax returns and pay taxes for 2006. The temporary suspension was later modified to an indefinite suspension with a right to reapply two years after the date of suspension. Based on that court's action, we granted the Commission's motion to suspend Mr. Worsham pending resolution of this case.

Following oral argument in this case in October 2014, we issued a *per curiam* order disbarring Mr. Worsham. We now explain the reasons for Mr. Worsham's disbarment. As the hearing judge found, the evidence concerning the tax-related violations is overwhelming. Because disbarment is the appropriate sanction for those violations under our case law, we need not reach the alleged violations arising out of Mr. Worsham's representation of his clients.[3] *See Attorney Grievance Comm'n v. Kobin*, 432 Md. 565, 585, 69 A.3d 1053 (2013)

---

[3] With respect to Mr. Worsham's dealings with his clients, the hearing judge found that, among other things, Mr. Worsham failed to communicate adequately with clients as to when cases were initiated and what actions were being taken, refused to settle a case despite the client's requests, used the threat of additional fees to coerce a client into continuing

(continued...)

3

(when a respondent has violated numerous provisions of the MLRPC, this Court need only refer to "those violations that, standing alone, warrant disbarment").

***Facts***

The facts recounted in this section are derived from the hearing judge's findings of fact and undisputed matters in the record. Mr. Worsham's exceptions to the fact findings are noted and discussed below.

*Bar Admission and Legal Practice*

Mr. Worsham was admitted to the Maryland Bar in 1998. He is also licensed in the District of Columbia. During the period relevant to this proceeding, he operated a solo

---

[3] (...continued)
litigation, abruptly moved to withdraw from a case leaving a client vulnerable and without counsel at a crucial time, improperly disclosed information concerning his representation of a client, made material misrepresentations in order to obtain a copy of a settlement agreement, failed to advise a client concerning a conflict of interest, failed to return client files upon termination of representation, charged unreasonable fees, commingled client funds, and failed to keep adequate records of his trust account. Mr. Worsham excepted to those findings except in two respects: he did not except to the hearing judge's finding that he purposefully blocked two clients from sending him any emails or faxes and a finding that he failed to keep adequate trust account records on a monthly basis.

We appreciate the conscientious efforts of the hearing judge and the detailed nature of her findings as to all of the alleged violations. Although, as indicated above, we need rely on only her findings as to the tax-related violation to conclude that Mr. Worsham's misconduct merits disbarment, it was appropriate for the hearing judge to provide her assessment of the evidence presented as to all of the violations charged by the Commission.

4

practice out of his home in Harford County focused on consumer rights under the federal Telephone Consumer Protection Act and its Maryland counterpart.[4]

*Tax-Related Misconduct and Intent*

<u>Failure to File Returns and Pay Income Taxes</u>

Mr. Worsham filed returns and paid income taxes for the tax years 1988 through 2004. He apparently concedes, however, that beginning in 2005 and for the subsequent seven years, he neither filed federal and State income tax returns nor paid income taxes. The Internal Revenue Service ("IRS") did not immediately react to this deviation from his previous pattern of tax compliance but eventually detected that he had not been in touch and took action.

<u>Deliberate Attempt to Conceal Income from Federal and State Tax Agencies</u>

Evidence introduced at the hearing concerning Mr. Worsham's relationships with clients and co-counsel indicated that he attempted to avoid notice by tax agencies. In particular, Mr. Worsham was co-counsel for a class of plaintiffs in a class action in the United States District Court for the District of Maryland. When the case settled in 2012, the sums due counsel for the plaintiffs were forwarded to his co-counsel, Brian L. Bromberg, an attorney licensed in New York. Mr. Worsham's share of the attorneys' fees and costs totaled $71,456.61.

---

[4] *See* 47 U.S.C. §227; Maryland Code, Commercial Law Article, §14-3201 *et seq*.

5

In connection with the distribution of counsel fees, Mr. Bromberg asked Mr. Worsham to provide him with a completed IRS Form W-9.[5] Mr. Worsham refused to provide a Form W-9 and instead insisted that a check totaling $71,456.61 "that is due to me for fees and costs" be made out to "Michael Worsham Attorney Trust Account." Because Mr. Worsham refused to supply a W-9, Mr. Bromberg sent a check payable to Mr. Worsham for $51,448.75, which represented Mr. Worsham's share, less the mandatory 28% federal tax withholding. Mr. Bromberg also advised Mr. Worsham that a Form 1099 reporting the income would be filed with the IRS.

Mr. Worsham responded by returning the check and filing a motion to enforce the settlement. In his motion, Mr. Worsham alleged that attorneys' fees and costs, totaling $71,456.61 were due to him under the settlement agreement and that he was not obligated to provide a Form W-9 because the form did not have a federal Office of Management and Budget control number.

Mr. Bromberg then filed an interpleader action and deposited the full amount ($71, 456.61) of Mr. Worsham's share into the registry of the Circuit Court for Harford County.

---

[5] IRS Form W-9 ("Request for Taxpayer Identification Number and Certification") is used by employers to obtain a taxpayer identification number or social security number from a prospective employee or independent contractor so that the employer may later file a Form W-2 or 1099 with the IRS reporting income paid to the employee or contractor.

He advised the court that he did so to avoid a possible violation of the tax laws when processing Mr. Worsham's payment.[6]

Before the hearing judge in this case, Mr. Worsham testified that he wished to deposit his share of the funds into his attorney trust account because, at the time, he believed that it included client funds. He testified that he later came to understand that the funds did not belong in his trust account, but that he had never considered asking Mr. Bromberg for a check payable to his business account.

The hearing judge found that Mr. Worsham "willfully, knowingly, and purposefully attempted to deposit his earned fees into his Maryland attorney trust account for the sole purpose of defrauding and hiding this income from the federal and state taxing authorities." The hearing judge discounted Mr. Worsham's testimony that he originally thought the sum included client funds as dishonest, noting that Mr. Worsham had referred to the funds at that time as "my fees and costs."

Tax Litigation with the IRS

In September 2009, the IRS issued to Mr. Worsham a Notice of Deficiency alleging that he owed $6,357.00 in income taxes and penalties for tax year 2006 based on information from certain 1099 forms filed with the IRS. Mr. Worsham responded by filing a petition with the United States Tax Court challenging the Notice of Deficiency and arguing that the

_____

[6] The interpleader action was still pending at the time the hearing judge issued her findings of fact and conclusions of law and the record does not reflect the outcome of that action.

7

federal government did not have the authority to tax his earnings as income. On September 28, 2010, after learning that the IRS had issued a subpoena to his bank for his account records in connection with that proceeding, Mr. Worsham sought to dismiss his petition in the Tax Court. That same day, he sent a fax to the bank indicating that the subpoena should no longer be valid as a result of his effort to dismiss the case and that the bank should not be required to produce his bank account records. The Tax Court subsequently denied his motion to dismiss and the bank evidently produced the records sought by the IRS.

The Tax Court found that Mr. Worsham failed to report nearly $200,000 in taxable income for 2006 and found him liable for the related deficiency.[7] *Worsham v. Comm'r of Internal Rev.*, T.C. Memo. 2012-219, 2012 WL 3101491 (July 31, 2012). The Tax Court also found by clear and convincing evidence that the deficiency for 2006 was due to fraud and listed a number of factors on which it relied – Mr. Worsham's pattern of failing to file tax returns in light of a previous history of tax compliance; the coincidence of the failure to file returns with the increasing profitability of his practice; his assertion of "tax-protester arguments" upon detection; his education, training, business experience, and intelligence; and his effort to prevent the IRS from obtaining his bank records by attempting to dismiss the Tax Court action. 2012 WL 3101491 at *6-8. The Tax Court also found that Mr. Worsham

---

[7] The deficiency in tax was reassessed from $6,357 to $67,298, apparently as a result of information obtained from Mr. Worsham's bank records. *See Worsham v. Comm'r of Internal Rev.,* T.C. Memo 2012-219, 2012 WL 3101491 (July 31, 2012) at *1-2.

8

had raised a "multitude of frivolous and groundless positions."[8]  The Tax Court did not

sanction Mr. Worsham for taking those positions, noting that it was the first time he had

made such arguments to that court, but warned him that repetition of those arguments in the

future would likely result in the imposition of sanctions.

Mr. Worsham appealed to the United States Court of Appeals for the Fourth Circuit.

Before the Fourth Circuit, Mr. Worsham did not deny that he had failed to pay income taxes,

nor did he dispute the amount of the deficiency.  Instead, he reiterated his argument that the

federal government lacked the authority to tax his earnings as income.  The Fourth Circuit

affirmed the Tax Court in an unpublished opinion.  *Worsham v. Comm'r of Internal Rev.*,

531 Fed. Appx. 310 (June 27, 2013) (*per curiam*), *cert. denied*, 134 S. Ct. 960 (2014).  The

Fourth Circuit stated that it found Mr. Worsham's argument that his earnings are not taxable

income to be "meritless" and affirmed the Tax Court's finding that Mr. Worsham failed to

file a 2006 federal return with fraudulent intent.

---

[8] Among the arguments that Mr. Worsham asserted before the Tax Court and various other courts are the following:  (1) the requirement to sign a federal income tax return under penalty of perjury forces him to waive his Fifth Amendment rights; (2) the federal government has no authority to tax because the Internal Revenue Districts were closed in 2000; (3) IRS Form 1040 does not comply with the Paperwork Reduction Act; (3) the IRS misleads individuals into thinking Form 1040 is the only appropriate return; (4) the IRS fails to calculate the basis value of his labor; (5) the Tax Court lacks jurisdiction to determine constitutional issues; (6) the Sixteenth Amendment did not give the United States any new power to tax; (7) there is no constitutional basis or federal statute establishing tax liability for money earned from ordinary labor; (8) the Tax Court judge's oath to uphold the Constitution conflicts with the Tax Court's limited jurisdiction and renders the judge unable to decide constitutional issues. *See Worsham v. Comm'r of Internal Rev.,* T.C. Memo 2012-219, 2012 WL 3101491 (July 31, 2012) at *4-10.

<u>Subsequent Efforts to Resolve Tax Deficiencies</u>

At the evidentiary hearing in this matter and at oral argument before this Court, Mr. Worsham contended that he was attempting to resolve his income tax liabilities. Although Mr. Worsham claimed to have satisfied the 2006 federal income tax liability that was the subject of the tax litigation after the United States Supreme Court denied his petition for certiorari, he failed to produce any documentation to support his testimony. He stated that he had sent a check to the State Comptroller in the amount of $7,000 to satisfy his State income tax liability for that year, but did not provide a copy of the check or any documentation that it represented his actual tax liability. With respect to tax year 2005, Mr. Worsham testified that he had forwarded a tax return and payment to the IRS the week before the hearing in this case, although he had not signed the form (and therefore had not attested under penalty of perjury that it was correct). He did not produce a copy of the form or check. With respect to tax years 2007 through 2012, Mr. Worsham submitted letters written by him dated July 17, 2013 and July 28, 2013 indicating that he had sent several checks to federal and State tax agencies in satisfaction of his income tax obligations for that period, although he provided no proof, other than his testimony, that the checks existed or that the amounts satisfied his tax obligations. Moreover, although he said he had sent those checks three months before the disciplinary hearing, as of the time of the hearing he had not yet filed tax returns reporting his income for those years.

Somewhat at odds with his assertions that he was assiduously attempting to comply with his tax obligations, Mr. Worsham reiterated before us some of the same arguments found frivolous in the federal courts contesting his liability for federal income taxes. As Mr. Worsham appeared to concede at oral argument, none of those arguments pertain to his liability for State income taxes.

The Hearing Judge's Findings as to Mr. Worsham's Intent

Based on the evidence presented to her, the hearing judge found that Mr. Worsham failed to file federal and State income returns and to pay income taxes "willfully, knowingly, and purposefully" for the tax years 2005 through 2012[9] and that he acted with intent "to defraud federal and state taxing authorities." (Mr. Worsham excepts to this characterization of his intent – an exception that we will consider in some detail in the next section of this opinion). Mr. Worsham purposefully avoided contact with federal and State income tax agencies; he showed no intention of satisfying his tax obligations until he was detected; once the IRS notified him of the deficiency for 2006 he did not take any meaningful action and instead filed a frivolous petition; and thereafter attempted to thwart the IRS' efforts to obtain information concerning his income by trying to dismiss his Tax Court petition and faxing a letter to his bank the same day advising the bank that it should not have to comply with an

---

[9] The hearing judge, in what may be a typographical error, found that Mr. Worsham failed to file returns or pay taxes for "the period 2004-2012." Mr. Worsham excepted to the inclusion of the year 2004 and Bar Counsel conceded at oral argument that the relevant time period did not include the 2004 tax year. Mr. Worsham's exception on that point is sustained.

11

IRS subpoena. When Mr. Worsham did take steps toward compliance, that action was to file a 2006 return without attesting to its accuracy under penalties of perjury. In addition to his frivolous petition in the Tax Court, Mr. Worsham filed a frivolous and groundless appeal with the Fourth Circuit. The hearing judge found that Mr. Worsham's testimony at the hearing in this case was "at the best, not credible and at the worst, misrepresentations to the Court."

*Suspension by the Federal District Court*

Although not part of the hearing judge's findings of fact, it is undisputed that, following the Fourth Circuit's decision affirming the Tax Court with respect to his failure to file a 2006 federal tax return, Mr. Worsham was suspended from practice in the United States District Court for the District of Maryland as of November 7, 2013, with a right to reapply two years from that date. The panel of the federal district court noted the universal rejection by various courts of Mr. Worsham's frivolous arguments disputing his obligations under the federal income tax law and concluded that "he has not completely accepted responsibility for his obligations to comply, truthfully and honestly, with established tax laws...."

### Mr. Worsham's Exceptions

Mr. Worsham filed multiple exceptions to the hearing judge's findings related to his failure to file tax returns and pay income taxes, most of which relate to her finding that he acted with fraudulent intent. As always, we accept the hearing judge's findings of fact unless

12

they are clearly erroneous. *See* Maryland Rule 16-759(b)(2)(B). Applying that standard, we overrule Mr. Worsham's substantive exceptions and explain why.[10]

*Description of Mr. Worsham's Testimony*

Mr. Worsham asserts that the hearing judge misquoted or mischaracterized his testimony in her written memorandum when she concluded that he acted with fraudulent intent. He identifies five excerpts from the transcript. For the most part, they are instances in which the hearing judge paraphrased his testimony accurately, but sometimes used quotation marks for that paraphrase, although the paraphrase did not precisely match the transcript.[11]

First, the hearing judge stated that "when asked whether he had paid his taxes, [Mr. Worsham] replied 'What taxes? I pay gasoline taxes, sales taxes….'" According to the transcript, when asked to explain how he had paid taxes since 2005, Mr. Worsham stated "Well, there's gasoline tax, there's sales tax."

Second, the hearing judge found that when asked whether he had filed income tax returns for specific years, Mr. Worsham answered "I sent documents to the IRS." The transcript demonstrates that Mr. Worsham answered: "I sent the IRS, I think it was about 15

---

[10] As noted above, we sustain Mr. Worsham's exception as to the listing of the precise tax years in question. *See* footnote 9 above.

[11] It appears that the transcript was completed only days before the hearing judge timely filed the 91-page memorandum detailing her findings and conclusions.

13

pages altogether for 2005 that was all of the forms for 1040, for an S corporation, and a whole bunch of these schedules they have that my accountant and I worked out."

Third, the hearing judge found that, when asked whether he had reported income to the IRS and the Maryland Comptroller, Mr. Worsham replied "What is your definition of income?" The transcript indicates that Mr. Worsham's statement was "You're going to have to define income."

Fourth, the hearing judge found Mr. Worsham did not sign his 2005 tax return because "he could not affirm, under the penalties of perjury that the statements contained in the return were correct." Mr. Worsham testified that he did not sign the return because he "could not sign under penalty of perjury what they want me to sign."

Finally, the judge quoted Mr. Worsham as stating that his personal tax matters have nothing to do with his ethical obligations under the MLRPC. In his opening statement, Mr. Worsham stated that "the tax issues are not related to my practice of law. I do not do tax law. I do not give advice on taxes at all, and it's not related, then, to professional misconduct, if there is something amiss there." At the end of the hearing, Mr. Worsham stated, "I said this in opening statement and I will say it again, that the tax issues are completely personal. They're not related in any way to clients or giving clients advice on taxes…. It's not a professional conduct related [sic], and because the Tax Court is set up to allow a person to challenge a tax or alleged tax before payment, that is specifically in the administration of justice…."

14

In each instance, the substance of Mr. Worsham's testimony or opening statement was accurately described by the hearing judge. There is no basis for us to find that she mischaracterized his testimony or that it was clearly erroneous for her to conclude that his testimony was "absurd, and evasive to outright misrepresentations." In addition to the substance of his testimony, the hearing judge's assessment of his credibility was informed by other factors, such as witness demeanor, on which we defer to the hearing judge. *See Attorney Grievance Comm'n v. Zimmerman*, 428 Md. 119, 134, 137, 50 A.3d 1205 (2012).

Mr. Worsham's exception to the hearing judge's credibility determination is overruled.

*Mr. Worsham's Letter to his Bank*

Mr. Worsham states that the hearing judge erred in finding that his simultaneous filing of a notice of dismissal in the Tax Court and faxing of a letter to his bank that suggested it need not comply with the IRS subpoena was indicative of fraudulent intent. Mr. Worsham argues his notice of dismissal is not evidence of fraud because it ultimately helped delay the trial date in that case. Mr. Worsham further explains that his fax to the bank advising it to disregard the IRS subpoena for his bank records was sent with the altruistic intention of relieving the bank from the burden of complying with the subpoena. Moreover, he asserts that, by its own terms, the letter reflected only Mr. Worsham's opinion and did not direct the bank to take particular action.

15

The hearing judge discounted Mr. Worsham's testimony regarding his intent in sending the letter to the bank, as the hearing judge was entitled to do. *Attorney Grievance Comm'n v. Ross*, 428 Md. 50, 63 n.6, 50 A.3d 1166 (2012), *cert. denied*, 133 S. Ct. 1723 (2013); *Attorney Grievance Comm'n v. Byrd*, 408 Md. 449, 473, 970 A.2d 870 (2009). The Tax Court's decision to delay the date of trial in response to the notice of dismissal is not relevant to Mr. Worsham's intentions in seeking to dismiss that case. The exception is overruled.

*Other Indicia of Fraud*

In support of her finding of fraud, the hearing judge noted that Mr. Worsham purposefully avoided all contact with State and federal tax agencies, showed no intention of fulfilling his obligation to pay income taxes, and failed to take any meaningful action following the Notice of Deficiency and instead filed a frivolous petition in the Tax Court.[12] Mr. Worsham disagrees with these findings and points out that he dealt with the IRS throughout his litigation in the Tax Court, that he sent letters to the IRS and the Maryland

---

[12] Mr. Worsham also argues that the fact that he is a lawyer and that he filed tax returns and paid his taxes for many years prior to 2005 are not indicative of fraud. He does not dispute the accuracy of these facts, but merely contends that they do not support a finding that he acted with fraudulent intent. In our view, those facts provide some indication of Mr. Worsham's knowledge of his obligation to file returns and pay taxes and, accordingly, help inform a determination whether his admitted conduct was purposeful, negligent, or inadvertent. We note that the hearing judge did not directly rely on these facts in making her finding of fraud. Instead, these facts were part of the analysis of the Tax Court when it also found, by clear and convincing evidence, that Mr. Worsham acted with fraudulent intent. The Tax Court noted that Mr. Worsham's income increased dramatically around 2005, suggesting that his decision to stop filing returns and paying taxes was motivated, at least in part, by a desire to retain more of this new income.

16

Comptroller in July 2013, and that he submitted a Freedom of Information Act ("FOIA") request to, and filed a declaratory judgment action against, the IRS in 2012. Mr. Worsham also argues that by filing a petition with the Tax Court, he delayed his obligation to pay income taxes for 2006 until the litigation ended in January 2014.

Mr. Worsham's contacts with the tax agencies beginning in October 2009, following the receipt of the Notice of Deficiency, were properly disregarded by the hearing judge in determining whether Mr. Worsham acted with fraudulent intent. Actions taken in cooperation with authorities subsequent to the misconduct, and then only because it was detected, does not "serve to palliate the evil of his offense." *Attorney Grievance Comm'n v. Atkinson*, 357 Md. 646, 658, 745 A.2d 1086 (2000) (quoting *Attorney Grievance Comm'n v. Casalino*, 335 Md. 446, 452, 644 A.2d 43 (1994)). Moreover, although "[r]epayment may mitigate the consequences of the illegal action," it "does not mitigate the act itself and therefore does not erase a potential disciplinary violation." *Attorney Grievance Comm'n v. Tayback*, 378 Md. 578, 593, 837 A.2d 158 (2003) (quoting *Attorney Grievance Comm'n v. Breschi*, 340 Md. 590, 600, 667 A.2d 659 (1995)).

Mr. Worsham's Tax Court petition, letters and alleged payments to the tax agencies, and the filing of his FOIA request and declaratory judgment action occurred subsequent to the detection of his misconduct and, in the case of the 2013 letters and alleged payments, occurred only after this disciplinary proceeding had begun. These subsequent actions are not

17

a basis for finding that he acted innocently in failing to file returns and to pay taxes and do not mitigate the misconduct.

*Affirmative Act of Fraud*

Mr. Worsham argues that the hearing judge erred in finding he acted with intent to defraud because the judge failed to find that he committed an affirmative act of fraud or misrepresentation and because he did not commit common law fraud. Mr. Worsham argues that the failure to file returns or pay taxes cannot constitute fraud, because a failure to do something is not an affirmative act.

The hearing judge found that Mr. Worsham willfully failed to file returns and pay taxes, which is proscribed by 26 U.S.C. §7203 and does not require an affirmative act of fraud.[13] Accordingly, proof of an affirmative act of concealment was not necessary to find Mr. Worsham engaged in criminal conduct. In addition to willfulness, the hearing judge

---

[13] An affirmative act of fraud is not a prerequisite to a finding that an individual willfully failed to file returns or pay taxes. Under federal tax law, a violation of 26 U.S.C. §7203 – willful failure to file a return, supply information, or pay tax – may be established without proof of an affirmative act of fraud. *See, e.g.*, *United States v. Tucker*, 686 F.2d 230, 232 (5th Cir. 1982) (noting the elements of a §7203 violation are (1) a person has a duty to file a return or to pay tax but (2) failed to do so, and (3) acted willfully).

By contrast, to prove tax evasion, a felony under 26 U.S.C. §7201, there must be proof of an affirmative act. *See Sansone v. United States*, 380 U.S. 343, 351 (1965) (noting the difference between §7201 and §7203 is that §7201 requires an affirmative act); *United States v. Carlson*, 235 F.3d 466, 468 (9th Cir. 2000) (noting that a conviction for felony tax evasion under section 7201 requires "an affirmative act of evasion or affirmative attempt to evade"); *United States v. Daniel*, 956 F.2d 540, 542 (6th Cir. 1992) (same). The hearing judge need not find that Mr. Worsham committed tax evasion under 26 U.S.C. §7201, however, in order to determine that he engaged in fraudulent conduct or that he failed to file returns or pay taxes with fraudulent intent.

18

found Mr. Worsham failed to file returns and pay taxes for 2005-2012 with fraudulent intent. This reflected the Tax Court's determination, by clear and convincing evidence, that Mr. Worsham had failed to file a return or pay taxes for 2006 with fraudulent intent. Mr. Worsham's actions, as well as his omissions, are relevant facts from which intent may be inferred. Moreover, Mr. Worsham's attempt to deposit earned fees into his trust account in order to conceal that income from the IRS and his refusal to cash a check when the check would trigger the reporting of that income to the IRS, his refusal to provide a W-9 form or tax identification number, and his attempt to conceal the extent of his assets in his bank from the IRS are all affirmative acts that further support the hearing judge's findings.

*Willfulness*

Mr. Worsham argues that in finding that he acted willfully, the hearing judge failed to consider the holding of *Cheek v. United States*, 498 U.S. 192 (1991), that a person's good faith subjective belief that an obligation does not exist, even if that belief is not reasonable, negates willfulness. Mr. Worsham argues he did not willfully fail to file returns or pay taxes because he had a subjective belief that federal income taxes were not due and that the federal government lacked the legal power to collect them, and that, even if those beliefs are not objectively reasonable, they negate a finding of willfulness.

The *Cheek* decision provides little basis for concluding that Mr. Worsham's misconduct was not willful; indeed, it supports the opposite conclusion. In *Cheek*, the Supreme Court distinguished between the failure to comply with tax laws resulting from a

19

belief that provisions of the tax code are unconstitutional and a failure to comply resulting from innocent, even if objectively unreasonable, beliefs caused by the complexity of the tax code. A belief that provisions of the tax code are unconstitutional does not negate willfulness. *See Cheek*, 498 U.S. at 205-7.

Mr. Worsham repeatedly justified his failure to file a return and pay taxes based on his asserted belief that the federal income tax provisions are unconstitutional or otherwise invalid. He has not argued that he made a good faith attempt to comply with the law and that its complexity defeated him. Moreover, as he conceded at oral argument, his frivolous arguments as to the legality of the federal income tax and its application do not apply to the State income tax. To the extent Mr. Worsham's arguments are directed at issues other than the validity of the federal income tax – such as his argument that wages should not be treated as income – *Cheek* requires only that the trier of fact have the opportunity to consider such arguments and weigh them against other evidence that demonstrates that the taxpayer knew that wages are treated as income and merely disagreed that this should be so. *See Cheek,* 498 U.S. at 202. Mr. Worsham had ample opportunity to present his position to the trier of fact, the hearing judge in this case, who rejected Mr. Worsham's positions.

The hearing judge assessed Mr. Worsham's intent consistent with *Cheek*. Her finding of willfulness was not clearly erroneous.

*Alleged Bias of the Hearing Judge*

Mr. Worsham asserts that Bar Counsel misrepresented to the hearing judge that he had failed to cooperate with Bar Counsel's investigation into a complaint filed against him by one of his clients. Mr. Worsham argues that this misrepresentation prejudiced the judge against him on every issue and led to her unfavorable view as to his credibility.[14] Mr. Worsham's allegation that the hearing judge disregarded some of his testimony because she must have been biased against him is not sufficient to overcome the presumption that she acted impartially when making the credibility determinations. *See Attorney Grievance Comm'n v. Jordan*, 386 Md. 583, 598, 873 A.2d 1161 (2005); *Attorney Grievance Comm'n v. Zdravkovich*, 381 Md. 680, 701, 852 A.2d 82 (2004). Even if the hearing judge's finding that Mr. Worsham failed to cooperate with Bar Counsel as to one of the complaints against him had been erroneous, the existence of one erroneous finding does not render all other findings erroneous or show that the judge was biased. Additionally, Mr. Worsham's assertion that he fully cooperated with Bar Counsel – which he did not substantiate with any evidence other than his own testimony until after the hearing judge issued her findings of fact – is not the type of unimpeachable, unambiguous documentary evidence that could render the hearing judge's credibility determination on all other issues "inherently incredible and unreliable."

[14] Following the issuance of the hearing judge's findings of fact and proposed conclusions of law, Mr. Worsham also filed a motion to remand this case for a hearing with a new judge on this basis. Given the substantial amount of evidence demonstrating multiple violations of the MLRPC related to Mr. Worsham's failure to file tax returns and pay taxes and our conclusion that disbarment was the appropriate sanction we saw no reason to remand for a new hearing. Mr. Worsham's motion is denied.

21

*Attorney Grievance Comm'n v. Maignan,* 390 Md. 287, 295, 888 A.2d 344 (2005) (hearing judge's credibility assessment is entitled to deference unless it is "so contrary to unexplained, unimpeached, unambiguous documentary evidence as to be inherently incredible and unreliable"). Thus, Mr. Worsham has not demonstrated that this one particular finding prejudiced the judge against him throughout the proceeding or that the hearing judge's credibility determination was unreliable.

### Tax-Related Violations of MLRPC

The hearing judge concluded Mr. Worsham's misconduct related to his failure to file tax returns and pay income taxes violated MLRPC 3.1 (frivolous claims or contentions) and MLRPC 8.4(a) through (d) (misconduct). The hearing judge also concluded that Mr. Worsham's attempt to prevent the reporting of his income by his co-counsel to the IRS violated MLRPC 8.4(a), (c), and (d). Mr. Worsham excepted to all of these proposed conclusions of law. We review the recommended conclusions of law without deference to the hearing judge pursuant to Maryland Rule 16-759(b)(1).

### *Violation of MLRPC 3.1 – Frivolous Claims or Contentions*

MLRPC 3.1 states:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes, for example, a good faith argument for an extension, modification or reversal of existing law. A lawyer may nevertheless so defend the proceeding as to require that every element of the moving party's case be established.

As outlined above, the hearing judge found that Mr. Worsham made numerous frivolous arguments justifying his failure to file tax returns and pay taxes. Mr. Worsham appears to quibble over the characterization of his arguments concerning the legality of the federal income tax as "frivolous." In its written opinion, the Tax Court used that adjective to describe the arguments he made to it – a fact that he does not contest. However, he contends that the hearing judge erred in stating that the Fourth Circuit "affirmed" the Tax Court's conclusion that his arguments were frivolous. Mr. Worsham argues that, although the Fourth Circuit found one of his arguments to be "meritless," it did not state that his arguments were "frivolous" and did not unambiguously agree with the Tax Court. Mr. Worsham also faults the Fourth Circuit for not directly addressing his constitutional arguments and suggests that those arguments remain unresolved.[15]

A review of the Fourth Circuit's opinion reveals that the hearing judge accurately described that court's conclusions. *See Worsham*, 531 Fed. Appx. at 311-12. For example, in reference to an argument by Mr. Worsham that Congress lacks authority to tax his income, the Fourth Circuit stated "[t]his argument clearly fails." *Id.* In reference to his argument that

_____

[15] Mr. Worsham notes that neither the Tax Court nor the Fourth Circuit imposed sanctions on him for raising frivolous arguments. A court's decision not to impose sanctions in a particular case is not dispositive as to whether the claims were frivolous. *See Attorney Grievance Comm'n v. Brown*, 353 Md. 271, 283, 725 A.2d 1069 (1999). This is especially the case here, where the Tax Court stated that, although it was not imposing sanctions, it was issuing a strong warning that repetition of his frivolous arguments would likely result in sanctions in the future. While Mr. Worsham may be fortunate in the federal courts' forbearance, it hardly leaves his frivolous and meritless arguments "legally open," as he contends before us in his exceptions.

23

an attorney's earnings are not taxable income, the Fourth Circuit stated "[w]e agree with the numerous other courts to have addressed this argument that it is meritless." *Id.* Most telling, the Fourth Circuit affirmed the Tax Court's findings, including its finding that the arguments raised by Mr. Worsham were frivolous. In particular, the Fourth Circuit affirmed the Tax Court's finding of fraud based in part on the Tax Court's conclusion that Mr. Worsham raised "numerous frivolous arguments." Despite these warnings from the Tax Court and the Fourth Circuit that his arguments were frivolous and without merit, Mr. Worsham continued to press the same arguments before the hearing judge and in his exceptions here.

A minimal amount of research would have alerted Mr. Worsham to the frivolous nature of the arguments he made. *See Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (defining frivolous arguments under federal law as arguments that a reasonable attorney could not have believed were justified and that have absolutely no chance of success under existing precedent). Mr. Worsham's arguments, including that the IRS erroneously assumes the value of a person's labor is zero, have been extensively discussed and resolved in the federal courts. *See* IRS, *The Truth About Frivolous Tax Arguments*, *available at*, <www.irs.gov/pub/irs-utl/friv_tax.pdf> (updated March 2014) (collecting tax protester arguments, including the argument "that wages are not subject to taxation where individuals have obtained funds in exchange for their time" and providing a summary of the law and 23 cases in which such arguments were rejected). It is understandable that neither the Tax Court nor the Fourth Circuit addressed Mr. Worsham's well-worn arguments in greater detail. *See,*

*e.g.*, *Wnuck v. Comm'r of Internal Rev.*, 136 T.C. 498, 501-13 (2011) (describing eight reasons why courts decline to discuss frivolous tax arguments in detail, including their patent lack of merit, the fact that most such arguments have been refuted in detail in prior cases, the waste of judicial resources, and the reluctance of litigants who advance such arguments to undertake research and accept the results).

The hearing judge's finding that Mr. Worsham raised frivolous arguments before the Tax Court and the Fourth Circuit is not clearly erroneous. Accordingly, we agree with her legal conclusion that Mr. Worsham violated MLRPC 3.1.

### *Violations of MLRPC 8.4 – Misconduct*

MLRPC 8.4 states, in pertinent part:

> It is professional misconduct for a lawyer to:
>
> (a)    violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
>
> (b)    commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
>
> (c)    engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
>
> (d)    engage in conduct that is prejudicial to the administration of justice;

25

*Willful Failure to File Returns or Pay Taxes*

This Court has previously concluded that the willful failure to file a tax return, especially for multiple years, violates MLRPC 8.4(b), (c), and (d). *Tayback*, 378 Md. at 593 (willful failure to file federal or state tax returns for seven years); *Atkinson*, 357 Md. at 656 (willful failure to file federal or state tax returns for eleven years).

With respect to MLRPC 8.4(b), so long as there is clear and convincing evidence of facts constituting a criminal offense, there need not be a criminal conviction in order to find that an attorney violated MLRPC 8.4(b). *See Atkinson*, 357 Md. at 652; *Attorney Grievance Comm'n v. Jarosinski*, 411 Md. 432, 447, 983 A.2d 477 (2009); s*ee also* comment 2 to MLRPC 8.4 ("Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return."). The willful failure to file returns or to pay income taxes is a criminal act under both federal and Maryland law. *See* 26 U.S.C. §7203 and Maryland Code, Tax-General Article, §13-1001(d). As noted above, there was clear and convincing evidence of violations of those statutes by Mr. Worsham.

With respect to MLRPC 8.4(c), the repeated failure to file income tax returns is "a dishonest act, and reflects adversely on a lawyer's honesty, trustworthiness, and fitness to practice law." *Atkinson*, 357 Md. at 653; *Tayback*, 378 Md. at 591. As with MLRPC 8.4(b), "[a] conviction for tax evasion is not a necessary predicate to support a finding of dishonesty." *Atkinson*, 357 Md. at 655-56. The failure to file tax returns or pay both State

26

and federal taxes over the course of several years is itself sufficient to demonstrate the dishonesty of the act. *Id.* at 654 (failure to pay both State and federal income taxes over eleven years is a dishonest act "if only because of the substantial duration in time").

In regards to MLRPC 8.4(d), the willful failure to file tax returns or pay taxes is "conduct prejudicial to the administration of justice." *Tayback*, 378 Md. at 592. In *Tayback*, this Court stated:

> An attorney's willful failure to file income tax returns may seriously impair public confidence in the entire profession …. The lawyer, after all, is intimately associated with administration of the law and should rightfully be expected to set an example in observing the law. By willfully failing to file his tax returns, a lawyer appears to the public to be placing himself above the law.

378 Md. at 591 (quoting *Attorney Grievance Comm'n v. Walman*, 280 Md. 453, 464-65, A.2d 354 (1977)). Even though it does not directly injure a client, the willful failure to file returns or pay taxes is also prejudicial to the administration of justice because it "cheats and defrauds the government." *Maryland State Bar Ass'n v. Agnew*, 271 Md. 543, 551, 318 A.2d 811 (1974) (the entire system of income taxes is based on the "honor of the individual reporting his income); *Attorney Grievance Comm'n v. Hoang*, 433 Md. 600, 611, 72 A.3d 548 (2013) (there is "no significant moral distinction between willfully defrauding and cheating for personal gain a client, an individual, or the government") (citation and quotation marks omitted).[16]

---

[16] The hearing judge also concluded that Mr. Worsham violated MLRPC 8.4(d) when
(continued...)

27

Finally, a respondent who violates a provision of the MLRPC necessarily also violates MLRPC 8.4(a). Mr. Worsham violated that section as a result of his violations of MLRPC 3.1, and 8.4(b), (c), and (d).

Because we conclude that Mr. Worsham's willful failure to file tax returns and pay taxes violated Rule 3.1 and 8.4(a), (b), (c), and (d), we overrule his exceptions to the hearing judge's recommended conclusions of law as to those alleged violations.

*Attempt to Avoid Providing Tax-Related Information and to Misuse Trust Account*

The willful misuse of an attorney trust account in order to conceal money from creditors, including the IRS, is "conduct involving fraud, deceit, or misrepresentation" in violation of MLRPC 8.4(c). *See Attorney Grievance Comm'n v. Friedman*, 437 Md. 426, 433, 87 A.3d 1225 (2014) (attorney violated MLRPC 8.4(c) by depositing personal income into an escrow account in order to avoid garnishment by the IRS); *Attorney Grievance Comm'n v. Foltz*, 411 Md. 359, 406, 983 A.2d 434 (2009) (attorney violated MLRPC 8.4(c)

---

[16] (...continued)
he advised his bank that it would not have to comply with the IRS subpoena for his bank records. Although Mr. Worsham's advice to his bank is evidence that can inform the hearing judge's assessment of his intent, it is a closer question as to whether that conduct, on its own, violated MLRPC 8.4(d). Mr. Worsham's letter shows that a copy was sent to one of the IRS counsel and the letter included the name and phone number of that counsel. Moreover, although it is evident that Mr. Worsham hoped to forestall production of the bank records, the letter did not contain any false information and did not direct the bank to resist the subpoena. When the Tax Court declined to dismiss the case, Mr. Worsham apparently advised the bank that he did not object to production of the records (although this information was not presented to the hearing judge and only appeared in an attachment to one of his filings with us). In any event, there is more than sufficient evidence of a violation of MLRPC 8.4(d) based on Mr. Worsham's intentional failure to file tax returns and pay taxes.

28

by depositing rental income, pension, and other personal monies into trust account in order to conceal money from creditors); *see also Hoang*, 433 Md. at 611 (statting there is no significant distinction between willfully defrauding and cheating for personal gain a client, an individual, or the government). .

In general, a lawyer violates MLRPC 8.4(d) when his "conduct impacts negatively the public's perception or efficacy of the courts or legal profession." *Attorney Grievance Comm'n v. Dore*, 433 Md. 685, 696, 73 A.3d 161 (2013) (citation and internal quotations omitted). "A lawyer's mishandling of his or her attorney trust account can also constitute conduct that is prejudicial to the administration of justice." *Attorney Grievance Comm'n v. Mungin*, 439 Md. 290, 315, 96 A.3d 122 (2014). For example, the willful misuse of attorney accounts to conceal money from IRS garnishment is conduct prejudicial to the administration of justice in violation of 8.4(d). *See Friedman*, 437 Md. at 433.

We thus agree that Mr. Worsham's attempt to misuse his attorney trust account to conceal money from the federal and State taxing authorities was conduct rife with dishonesty and deceit and was prejudicial to the administration of justice. Mr. Worsham attempted to deposit earned fees into his attorney trust account, which would have been a violation of the MLRPC had he been successful, *see Attorney Grievance Comm'n v. Cherry-Mahoi*, 388 Md. 124, 156, 879 A.2d 58 (2005) (attorney violated MLRPC 1.15(a) by depositing personal income into her attorney trust account), and did so with the purpose of defrauding and hiding

29

this income from the federal and State tax agencies. Not only was this a misuse of his attorney trust account, but by filing a motion to enforce the settlement, Mr. Worsham attempted to use the power of the court to require Mr. Bromberg to issue a check for earned fees and costs to Mr. Worsham's trust account. Such conduct violated MLRPC 8.4(c) and (d) and as a result, MLRPC 8.4(a).

### Sanction

As this Court has frequently reiterated, the primary purpose of attorney discipline is to protect the public and maintain the integrity of the bar rather than punish the errant attorney. *Attorney Grievance Comm'n v. Kremer,* 432 Md. 325, 337, 68 A.3d 862 (2013). An appropriate sanction should take into account any aggravating or mitigating factors in the particular case. *Id.*

Tax-related violations are, unfortunately, not uncommon in attorney disciplinary proceedings. As a result, this Court has developed certain principles for assessing the appropriate sanction in such cases. "An important consideration in fashioning a sanction for failure to file income tax returns is the intention and motive of the attorney." *Atkinson*, 357 Md. at 656; *Kobin*, 432 Md. at 585. Generally, when the willful failure to file is not the result of a fraudulent intent, suspension is the appropriate sanction. *See, e.g.*, *Attorney Grievance Comm'n v. Post*, 350 Md. 85, 94, 710 A.2d 935 (1998) (suspension appropriate when failure to file was the result of poor office management skills, not fraudulent intent); *Attorney Grievance Comm'n v. Gilland*, 293 Md. 316, 319, 443 A.2d 603 (1982) (imposing

two-year suspension for failure to file federal income taxes when hearing judge made no finding of fraudulent intent).

By contrast, disbarment is the appropriate sanction when the misconduct was the result of intentional dishonest conduct for personal gain. "Conduct involving dishonesty, fraud, or deceit carries the risk of the ultimate sanction by this Court." *Attorney Grievance Comm'n v. Keiner*, 421 Md. 492, 523, 27 A.3d 153 (2011) (citation and internal quotation marks omitted). This Court has applied that principle to disbar attorneys who have committed tax-related violations with fraudulent intent. *See Attorney Grievance Comm'n v. Casalino*, 335 Md. 446, 644 A.2d 43 (1994) (disbarment following conviction of willful tax evasion); *Maryland State Bar Association v. Agnew*, 271 Md. at 553-54 (disbarment following plea of *nolo contendere* to charges of willful tax evasion); *Attorney Grievance Comm'n v. Swerdloff*, 279 Md. 296, 300, 369 A.2d 75 (1977) (disbarment following conviction for tax perjury); *Hoang*, 433 Md. at 611-12 (disbarment appropriate when attorney failed to file income tax returns for 8 years and assisted others in a fraudulent tax scheme).

Mr. Worsham asserts that his intent throughout has been "to obtain a legal ruling on the federal income tax." He has chosen a very peculiar way to obtain that ruling. Upon his asserted determination in 2005 that the legality of the federal income tax was in question, he did not file an action for a refund of the taxes he paid in prior years, based upon what he believed to be the legal defects in the federal tax laws.[17] Nor, in subsequent years, did he opt

---

[17] A taxpayer who wishes to challenge a federal tax liability need not wait for the IRS
(continued...)

31

to file returns and pay taxes and litigate a refund action in the federal district court, presumably in his view a superior venue to the Tax Court, which he argues is ill-suited to the resolution of his constitutional claims. Rather, he simply ceased filing returns and paying taxes, including the State returns and taxes unaffected by his newly discovered legal theories. It is difficult to square such conduct with his asserted motive to resolve legal uncertainties about the federal income tax.

While most of the prior cases involving tax-related misconduct that resulted in disbarment also involved criminal convictions, a criminal conviction is not a prerequisite to imposition of that sanction when an attorney engages in tax-related misconduct with fraudulent intent. *See Jordan*, 386 Md. at 599. Disbarment is warranted, regardless of whether the conduct is criminal or resulted in a criminal conviction, when the respondent engages in intentional and dishonest conduct motivated by the desire for personal gain. *See Keiner*, 421 Md. at 523.

Bar Counsel recommended that we disbar Mr. Worsham for his tax-related violations, in light of the hearing judge's finding that he acted with fraudulent intent when he willfully failed to file returns and pay taxes. Mr. Worsham suggested that the appropriate sanction

---

[17] (...continued)
to assess a deficiency and litigate the matter in the Tax Court. The taxpayer may elect to pay the tax and then file a claim for a refund with the IRS. If the IRS denies the claim, the taxpayer may litigate the matter in either a federal district court in the Court of Federal Claims. *See* 26 U.S.C. §7422; 28 U.S.C. §1346(a)(1); 28 U.S.C. §1491(a)(1). A taxpayer may consider a number of factors in deciding which route to take. *See* Casey, Federal Tax Practice §§4.04, 11.01.

32

was a reprimand, or if he had not produced documentation by oral argument that he had paid his tax obligations in full, a suspension.[18] Mr. Worsham did not offer any mitigating factors beyond his arguments discussed above.

As indicated earlier, we concluded that disbarment was the appropriate sanction in this case. Mr. Worsham engaged in intentional misconduct over the course of at least eight years when he did not file federal and State income tax returns and pay federal and State income taxes. As the hearing judge found, Mr. Worsham acted with fraudulent intent for his own personal gain. When the IRS discovered his misconduct, Mr. Worsham sought to conceal the extent of his income and unpaid tax obligations by attempting to dismiss the action to avoid disclosure of the income that would result from his bank's compliance with an IRS subpoena. In defense of his actions, Mr. Worsham raised only frivolous arguments before the Tax Court, the Fourth Circuit, and throughout this disciplinary proceeding. Mr. Worsham's conduct evinces a serious and continued disregard for his responsibility to comply with his obligations under the tax laws.

Although Mr. Worsham testified that he paid his tax debts in full for 2006, the hearing judge rejected his testimony as not credible and Mr. Worsham submitted no other evidence to demonstrate the payment had been made or that the amount allegedly paid satisfied his tax liabilities. In March 2014, Mr. Worsham filed with this Court an affidavit indicating he had

---

[18] Mr. Worsham did not provide adequate documentation that he had satisfied his tax obligations by the time of oral argument.

33

filed returns and paid all taxes due, excluding any penalties that may be charged, for tax years 2007 and 2008.  Mr. Worsham has not indicated that he has filed returns or fulfilled his tax obligations for 2009 through 2012.  Although the payment of taxes due may mitigate the consequences of misconduct, *Tayback*, 378 Md. at 593, Mr. Worsham's partial, tardy, and largely unsubstantiated repayments do not compel a lesser sanction here.  *See Attorney Grievance Comm'n v. Vanderline*, 364 Md. 376, 388, 773 A.2d 463 (2001) (in cases of intentional dishonesty, misappropriation, fraud, criminal conduct and the like, only the most compelling extenuating circumstances warrant a sanction less than disbarment).  As noted above, the hearing judge found that Mr. Worsham had not established any mitigating factors.[19]  Additionally, there are aggravating factors,[20] including a pattern of misconduct by

---

[19] Although not urged by Mr. Worsham, we acknowledge that the record contains no evidence of prior discipline against him.  This mitigating factor, however, pales in the light of misconduct that persisted for nearly a decade.

[20] This Court often refers to certain aggravating and mitigating factors applicable to attorney discipline suggested by the American Bar Association.  The aggravating factors are:

    (a)    prior disciplinary offenses;
    (b)    dishonest or selfish motive;
    (c)    a pattern of misconduct;
    (d)    multiple offenses;
    (e)    bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
    (f)    submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
    (g)    refusal to acknowledge wrongful nature of conduct;
    (h)    vulnerability of victim;
    (i)    substantial experience in the practice of law;

(continued...)

failing to timely file returns or pay taxes over eight years; a refusal to acknowledge the wrongful nature of his conduct, as evidenced by his refusal to sign a tax return and his continued reliance on frivolous arguments; a dishonest and selfish motive; substantial experience in the practice of law; illegal conduct; and, at least prior to 2013, an indifference to resolving his tax liability.

In light of the severity of the misconduct, including conduct that involved dishonesty and fraud, we concluded that disbarment is the appropriate sanction. Accordingly, we entered the October 3, 2014 order disbarring Mr. Worsham and awarding costs against him.

---

[20] (...continued)
    (j)    indifference to making restitution;
    (k)    illegal conduct, including that involving the use of controlled substances.

American Bar Association, *Standards for Imposing Lawyer Sanctions*, §9.22, Compendium of Professional Responsibility Rules and Standards (2012) at p. 475.