772 A.2d 267

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**George Milton OSWINKLE.**

**Misc. AG No. 3, Sept. Term, 2000.**

Court of Appeals of Maryland.

May 11, 2001.

Melvin Hirshman, Bar Counsel for the Attorney Grievance Commission of Maryland, for petitioner.

Andrew Jay Graham, of Baltimore, for respondent.

Argued before BELL, C.J., and RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and LAWRENCE F. RODOWSKY, (retired, specially assigned) JJ.

RAKER, J.

The Attorney Grievance Commission, through Bar Counsel, charged Respondent, George Milton Oswinkle, with violating Rule 8.1 of the Maryland Rules of Professional Conduct.[1] Pursuant to Maryland Rule 16–709(b), we referred the charge to Judge M. Brooke Murdock of the Circuit Court for Baltimore City to conduct a hearing and make findings of fact and conclusions of law. Following an evidentiary hearing, the hearing judge concluded that Respondent had violated Rule 8.1 of the Maryland Rules of Professional Conduct. Respondent filed a motion to dismiss the petition and four exceptions to the hearing judge's findings of fact and conclusions of law.

## I.

We set forth Judge Murdock's findings of fact and conclusions of law below.

### FINDINGS OF FACT

"The Court finds that the following facts have been established by clear and convincing evidence: [1]

 1. The exhibits submitted by Petitioner and Respondent are listed in Appendix A attached to this Opinion.

---

**1.** Maryland Rule 8.1 (Bar Admissions and Disciplinary Matters) states, in relevant part:

 [A] lawyer in connection with ... a disciplinary matter shall not:

 \* \* \* \* \* \*

 (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

"In 1988, Oswinkle represented Denise Kaspar in connection with her personal bankruptcy. Contemporaneously, Ms. Kaspar was involved in a contested divorce proceeding, but Oswinkle was not her counsel. On April 15, 1998, at a confirmation hearing in Bankruptcy Court, Ms. Kaspar's ex-husband's attorney objected to the court confirming Ms. Kaspar's financial plan. At the conclusion of the proceeding, the attorney approached Ms. Kaspar about matters relating to the divorce case.[2] Ms. Kaspar was upset by the questioning and believed that her ex-husband's attorney should have spoken to Oswinkle before approaching her. When Ms. Kaspar complained to him about opposing counsel's conduct, Oswinkle advised her that she could, if she wished, write a letter to the Attorney Grievance Commission. The client lodged a complaint against her ex-husband's attorney with the Attorney Grievance Commission and a file was opened.

2. Mr. Oswinkle testified that he believed that counsel for the ex-husband in the family law matters knew Oswinkle was not handling the family law case.

"On August 13, 1998, Assistant Bar Counsel, John C. Broderick, Esq. sent a letter to Oswinkle and requested that he contact Mr. Broderick.[3] Thereafter, Mr. Broderick and his investigator, John W. Reburn, made several additional efforts to reach Oswinkle on October 6, 1998,[4] November 5, 1998,[5] and January 15, 1999.[6] Additionally, Assistant Bar Counsel attempted to contact Oswinkle by telephone on January 12, 1998, January 13, 1998 and February 16, 1999. Oswinkle did not respond to Assistant Bar Counsel or the investigator as requested.

3. Plaintiff's Exhibit # 1
4. Plaintiff's Exhibit # 2
5. Plaintiff's Exhibit # 3
6. Plaintiff's Exhibit # 5

"On March 16, 1999, Bar Counsel wrote and advised Oswinkle that, based on his failure to respond in connection with the previously described matter, a file had been opened naming him as the respondent.[7] In the letter, Bar Counsel alleged that Oswinkle was in violation of the Maryland Rules of

Professional Conduct 8.1(b) and 8.4(d) because he had failed to respond to a lawful demand for information from a disciplinary authority and his "conduct was prejudicial to the administration of justice." Oswinkle did not respond to the March 16, 1999 letter. Bar Counsel sent another letter on April 6, 1999, by certified mail, informing Oswinkle that if a response was not received within ten days, the matter would be forwarded to an Inquiry Panel.[8] Oswinkle called Bar Counsel on April 23, 1999 and April 26, 1999.[9] Bar Counsel returned the call on April 27, 1999, but was unable to reach Oswinkle until April 28, 1999.[10] At that time, Oswinkle told Bar Counsel that he was overwhelmed by work and would respond to Bar Counsel's letter sometime during the week of May 3, 1999.[11] When no response was received from Oswinkle, an Inquiry Panel was convened on November 15, 1999.[12] The Inquiry Panel hearing resulted in a recommendation that charges pursuant to Rule 8.1(b) be filed against Oswinkle.

7. Plaintiff's Exhibit # 7
8. Plaintiff's Exhibit # 8
9. Plaintiff's Exhibit # 9
10. Plaintiff's Exhibits # 10
11. Plaintiff's Exhibit # 10
12. Plaintiff's Exhibit # 11

"Oswinkle testified before the grievance panel that at the time he was receiving communications from Petitioner, he did not realize how serious a complaint with the Attorney Grievance Commission was. Moreover, he hoped that Ms. Kaspar's original complaint and the subsequent complaint against him "would go away." [13]

13. Inquiry Panel Transcript p. 5/Plaintiff's Exhibit 11

"The evidence at the hearing before this Court revealed that Oswinkle graduated from the University of Baltimore School of Law in 1975 and was admitted to the Maryland Bar in 1979. Oswinkle worked as a probation agent for the State of Maryland between 1970 and 1990. Presently, he practices law and handles general litigation matters for the law firm of Mazelis and Werthamer, P.A.

"At the hearing before this Court, it was clear that Oswinkle was embarrassed by the charges and now recognizes the importance of cooperating with Bar Counsel in its investigation of complaints against attorneys.

## CONCLUSIONS OF LAW

"The Maryland Rules of Professional Conduct, Rule 8.1(b) provides, in relevant part, that a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority. While there are exceptions, none were asserted or apply to the facts of this case.[14] Further, the obligation to cooperate with an Attorney Grievance Commission investigation extends to acts against others, as well as to complaints against oneself. *Attorney Grievance Commission v. Hallmon,* 343 Md. 390, 681 A.2d 510 (1996).

14. At the Inquiry Panel, Oswinkle did express a concern that any statement he made to the investigator may be in violation of the attorney/client privilege. However, at the hearing before this Court, Oswinkle conceded that he should have written to Bar Counsel stating that he could not comment because of concerns for his client if that was the case.

"Respondent maintains that while his actions may have been inappropriate and ill-considered, he did not intend to obstruct or interfere with the investigation. The facts prove otherwise. It was Respondent who indicated to Ms. Kaspar that if she was concerned about the conduct of a member of the Bar, she could report that person to the Attorney Grievance Commission. Then Respondent proceeds to prevent Petitioner from conducting the very investigation he had suggested initially. If the complaint was meritless, as Respondent alleges, then an expeditious resolution of the matter was in the best interest of the public and the attorney against whom the complaint had been made. Respondent's repeated refusal to cooperate demonstrated a disregard of the spirit and intent of the Rules of Professional Responsibility. Therefore, this Court finds by clear and convincing evidence that in failing to respond to repeated inquiries of Bar Counsel, Respondent has violated Maryland Rule of Professional Conduct 8.1(b)."

 

## II.

### A. Respondent's Pro Se Motion to Dismiss

██ In this Court, Respondent filed a pro se motion to dismiss the petition for failure to state a cause of action. He asserts that the petition fails to allege any fact that Respondent failed to disclose that was necessary to correct a misapprehension in any matter or that Respondent had any information pertinent to Bar Counsel's request. He also maintains that the petition does not allege any willful misconduct as defined in Rule 8.4.[2]

We deny Respondent's motion to dismiss. Rule 8.1(b) sanctions two distinct types of conduct. First, it is a violation of the rule to fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter. *See* Rule 8.1(b). Second, it is a violation of the rule to knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that the rule does not require disclosure of information otherwise protected by Rule 1.6 (Confidentiality of Information). In the present case, the petition is based on the second prong of the rule, Respondent's alleged failure to respond to lawful demands of Bar Counsel. Therefore, the petition need not allege that Respondent failed to disclose any fact necessary to correct a misapprehension since that is not the basis for the complaint. Nor must the petition allege willful misconduct; Rule 8.1(b) requires only that the failure to respond be knowing. *See id.*

### B. Respondent's Exceptions

██ We turn next to Respondent's exceptions. He excepts to the conclusion that his failure to respond to Bar Counsel's demands for information was sufficient conduct to violate Rule 8.1.

---

**2.** Respondent was never charged with a violation of Rule 8.4 (Misconduct).

■ Rule 8.1 places an obligation on an attorney to respond to a lawful demand from Bar Counsel. The rule does not distinguish between attorneys who fail to respond to lawful demands due to dilatoriness, on the one hand, and those on the other hand, who intentionally fail to respond. Moreover, the ultimate resolution of the complaint does not affect the determination of whether the rule has been violated. An attorney's obligation to respond to lawful demands of Bar Counsel applies when the attorney upon whom the demand is made is the focus of the investigation or when the investigation relates to the conduct of another attorney. We made that point in *Attorney Griev. Comm. v. Hallmon,* 343 Md. 390, 681 A.2d 510 (1996), when we stated:

> A demand by a disciplinary authority for information, the refusal of which is sanctionable under Rule 8.1(b), may relate to the conduct of the lawyer from whom the information is sought, or it may relate to the conduct of another lawyer. Comment to Rule 8.1 ("The duty imposed by this Rule applies to a lawyer's own ... discipline as well as that of others"); see Wolfram, *Modern Legal Ethics* § 12.10.2 (1986).

*Id.* at 408, 681 A.2d at 519. *See also In re Ojala,* 289 N.W.2d 108 (Minn.1979). The hearing judge found that Respondent failed to respond to five letters and three telephone calls from Assistant Bar Counsel and the investigator. The hearing judge's factual findings are prima facie correct and will not be disturbed on review unless clearly erroneous. *See Attorney Grievance v. Koven,* 361 Md. 337, 342, 761 A.2d 881, 883–84 (2000). The findings are not clearly erroneous where they are based on clear and convincing evidence. *See id.* We find that clear and convincing evidence exists to support Judge Murdock's findings. Thus, Respondent's exception is overruled.

Respondent has filed three additional exceptions. First, Respondent excepts to the finding that he "intended to obstruct or interfere with Bar Counsel's investigation." Second, Respondent excepts to the finding that he "prevent[ed] [Bar Counsel] from conducting the very investigation he suggested." Third, Respondent contends that Judge Murdock erred

in finding that Ms. Trageser was prejudiced by Respondent's failure to respond to Bar Counsel.

■ It is unclear whether Respondent's exceptions are directed towards the merits of the petition or to the appropriate sanction to be imposed. In considering whether Rule 8.1 has been violated, it is irrelevant whether Respondent *intended* to obstruct or interfere with Bar Counsel's investigation. Nor does it matter whether Respondent prevented Bar Counsel from investigating or, indeed, whether the attorney under investigation was prejudiced by Respondent's conduct. Respondent did not respond to a lawful request from Bar Counsel and has violated Rule 8.1. Respondent's state of mind and the impact of his conduct may be relevant, however, when we consider an appropriate sanction.

### III.

■ We turn now to the sanction. In so doing, we are mindful that the purposes of sanctions are to protect the public, to deter violations of the Rules of Professional Conduct, and to maintain the integrity of the legal profession, not to punish the errant attorney. *See Attorney Grievance v. Cassidy,* 362 Md. 689, 698, 766 A.2d 632, 637 (2001); *Attorney Grievance v. Fezell,* 361 Md. 234, 254, 760 A.2d 1108, 1109 (2000). The severity of the sanction depends upon the facts and circumstances of each case. *See Attorney Grievance v. Atkinson,* 357 Md. 646, 656, 745 A.2d 1086, 1092 (2000).

Bar Counsel recommends that Respondent be suspended for a period of no less than sixty days. Bar Counsel argues that Respondent failed to respond to lawful demands for information not only in connection with his own complaint, but also with an earlier complaint against another attorney in which his cooperation was sought. Respondent requests that we dismiss the charges. He argues that he was merely dilatory in responding to Bar Counsel due to a good faith belief that the investigation should be concluded without his involvement. Respondent further argues that he did not intend to interfere with Bar Counsel's investigation and that his actions did not harm any clients or other attorneys.

Respondent also notes that he has been a member of the Maryland Bar since 1979 and has no prior history of discipline for professional misconduct.

We conclude that suspension is inappropriate, but that discipline is warranted for Respondent's refusal to cooperate with Bar Counsel's investigation. *See Fezell,* 361 Md. at 255, 760 A.2d at 1119. We find it significant, however, that this is Respondent's only disciplinary proceeding, that he did not intend to frustrate the investigation, and that no one was actually prejudiced by his conduct. Under the circumstances presented herein, a reprimand is the appropriate sanction. *See Attorney Grievance v. Bridges,* 360 Md. 489, 759 A.2d 233 (2000); *Attorney Grievance v. Tolar,* 357 Md. 569, 745 A.2d 1045 (2000).

*IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715(C), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST GEORGE MILTON OSWINKLE.*