*Attorney Grievance Commission of Maryland v. Lance Butler, III*, Misc. Docket AG No. 31, September Term, 2013.  Opinion by Greene, J.


ATTORNEY DISCIPLINE – An attorney's failure to respond timely to lawful requests for information from Bar Counsel arising out of an irrational fear of Bar Counsel warrants a reprimand.

Circuit Court for Prince George's County
Case No. CAE13-23283
Argued: January 12, 2015

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG No. 31

September Term, 2013

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

LANCE BUTLER, III

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by Greene, J.
Watts, J., dissents.

_____

Filed: January 27, 2015

On July 22, 2013, the Attorney Grievance Commission of Maryland ("Petitioner" or "Bar Counsel"), acting pursuant to Maryland Rule 16-751(a), filed a "Petition For Disciplinary Or Remedial Action" against Lance Butler, III ("Respondent" or "Butler"). Petitioner charged Respondent with violating Maryland Lawyers' Rules of Professional Conduct ("MLRPC" or "Rule") 8.1 (Bar Admission and Disciplinary Matters),[1] and 8.4(d) (Misconduct).[2]

This Court referred the matter to the Honorable Beverly J. Woodard of the Circuit Court for Prince George's County for a hearing to render findings of fact and conclusions of law pursuant to Md. Rule 16-757. Judge Woodard conducted an evidentiary hearing on January 15, 2014. Thereafter, Judge Woodard issued Findings of Fact and Conclusions of Law, in which she found, by clear and convincing evidence, that Respondent violated solely MLRPC 8.1. Judge Woodard set forth her findings as follows:

### Findings of Fact

On December 11, 2007, Respondent was admitted to the Maryland Bar. He is also admitted to the District of Columbia Bar. Respondent is currently employed with the United States Agency for International Development (hereinafter "USAID") in Washington, DC. Respondent presently resides at his primary residence located at 2022 Trenton Place, Washington, DC 20020 (hereinafter "2022 Trenton Place address"). He has resided at the 2022 Trenton Place address since approximately 2006. Sometime in 2008, Respondent opened a law practice at 8957-A Edmonston Road, Greenbelt, Maryland. In 2011, Respondent closed his Greenbelt law office.

From March 2012 through February 2013, Petitioner mailed numerous letters

---

[1] MLRPC 8.1 provides in pertinent part that "a lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

[2] MLRPC 8.4 provides in pertinent part that "[i]t is professional misconduct for a lawyer to . . . (d) engage in conduct that is prejudicial to the administration of justice[. . . .]"

to Respondent at both his 2022 Trenton Place address and his work address at USAID. Respondent denied receiving all but two of Petitioner's letters. Attorney Grievance Commission Investigator Robert Versis testified on behalf of Petitioner at Respondent's hearing. On August 13, 2012, Mr. Versis was assigned the investigation of this matter by Assistant Bar Counsel JaCina Stanton (hereinafter "Ms. Stanton"). Shortly thereafter, Mr. Versis visited the 2022 Trenton Place address several times and left a business card there.

Mr. Versis testified that beginning in early October 2012, he repeatedly called Respondent to inform him that a complaint had been filed against him and that Respondent was required to respond to the complaint. Mr. Versis did not reach Respondent in person, but left several messages on his USAID voicemail and his cell phone. Respondent testified during the hearing that the telephone numbers that Mr. Versis called were his correct office and cell phone numbers in 2012 and 2013.

In October 2012, Mr. Versis testified that he spoke with Respondent by telephone about the complaint. During the October 2012 telephone call, Mr. Versis testified that Respondent told him that he had received all of Petitioner's letters beginning with the March 2012 letter. Respondent denies ever making this statement.

On December 5, 2012, Ms. Stanton mailed a certified letter to Respondent at USAID informing him that a complaint had been filed against him. Respondent acknowledged receipt of the December 5, 2012 letter. Ms. Stanton also left a telephone message on Respondent's office voice mail at USAID. Respondent did not respond to Ms. Stanton's letter or telephone message. On December 26, 2012, Ms. Stanton mailed a certified letter to Respondent at USAID. Respondent also acknowledged receiving the December 26, 2012 letter. Throughout the months of December 2012 and January 2013, Commission Investigator Robert Versis repeatedly attempted to contact Respondent by telephone.

Respondent failed to respond to Mr. Versis's telephone messages. Respondent testified that he called Ms. Stanton and Mr. Versis in December 2012, but does not recall the exact date of his telephone call. After their initial conversation in October 2012, Mr. Versis did not recall receiving phone calls from Respondent until January 2013.

On January 28, 2013, Mr. Versis interviewed Respondent's supervisor, Mark Walther. Mr. Walther provided Mr. Versis with Respondent's address at USAID. On January 28, 2013, Mr. Versis interviewed Respondent. During Respondent's interview with Mr. Versis, he recalled that Respondent told him

that he had received several telephone messages and letters from Bar Counsel and Mr. Versis, but chose not to respond to the messages and letters. On February 12, 2013, Respondent responded substantively in writing to the underlying complaint.

Respondent testified during the hearing in this matter that he only received the December 5, 2012 and December 26, 2012 letters from Bar Counsel. He also contended that the underlying complaint was without merit and Bar Counsel had no evidence to refute this claim. During Respondent's deposition for this matter, he testified that he received two letters, but could not recall which of the two letters he received.

Respondent informed [the] court that he did not respond to Petitioner's letters due to his fear of Bar Counsel, which began as a law student. Respondent testified during his deposition in detail about his fear of Bar Counsel:

> Q: Okay. Can you tell me where your fear came from to respond to Bar Counsel?
>
> A: As I stated to you on the phone, growing up I had a tough life. This is all I wanted to do and I achieved it, going through the process in law school, whatever, you would always hear things from professors, people from Bar Counsel coming into the school and saying the last thing that you ever want to do is get a letter from Bar Counsel because you're in trouble. And I remember that and when I saw it I immediately panicked and I thought that, you know, I had done something wrong, although I couldn't recall what in the world I could have done. I got scared and I just, I just got scared, that's all.

Respondent also stated that his mailbox had been vandalized in the past at his home address and has had to be replaced three times. Petitioner introduced a picture of Respondent's home address into the record with an intact mailbox in front of his residence, however, there is no date attached to [identify] when the photo was taken. Petitioner also introduced an affidavit from Capitol Process Servers that detailed their repeated attempts to serve Respondent the Petition for Disciplinary or Remedial Action over a period of two months. (Citations to the record omitted.)

Judge Woodard then concluded, based upon our prior cases, that Respondent violated

MLRPC 8.1(b) by his "repeated failure to respond to Bar Counsel's letters." Judge Woodard

3

further concluded that Respondent did not violate MLRPC 8.4(d), however, because "Respondent's failure to respond to Bar Counsel was not conduct related directly to the practice of law which would directly or indirectly erode the public's confidence in the legal system. . . . By choosing to ignore Bar Counsel, Respondent's behavior impeded the investigative process but did not prejudice the administration of justice."

In addition, the hearing judge found as mitigating facts that "Respondent testified that he volunteers for a domestic violence legal services program[,] has a top secret clearance[, and] had recently received a positive job evaluation from USAID." In addition, she found that once Respondent finally made contact with Bar Counsel, he "stayed in touch at least every week or every other week with Bar Counsel."

Neither Petitioner nor Respondent has filed with this Court any exceptions to Judge Woodard's recommended findings of fact or conclusions of law.

## DISCUSSION

In attorney discipline proceedings, this Court has original and complete jurisdiction and conducts an independent review of the record. *Attorney Grievance Comm'n v. Jarosinski*, 411 Md. 432, 448, 983 A.2d 477, 487 (2009). Where no exceptions are filed to the hearing judge's findings of fact, we "may treat the findings of fact as established for the purpose of determining appropriate sanctions[.]" Md. Rule 16-759(b)(2)(A); *see also Attorney Grievance Comm'n v. Bell*, 432 Md. 542, 558, 69 A.3d 1040, 1049 (2013) (quoting *Attorney Grievance Comm'n v. Kremer*, 432 Md. 325, 334, 68 A.3d 862, 868 (2013)) ("[W]e deem the hearing judge's findings of fact 'correct if (1) they are not clearly erroneous, or (2), at the Court's option, if neither party filed exceptions to them.'"). "The Court gives

4

deference to the hearing judge's assessment of the credibility of the witnesses." *Attorney Grievance Comm'n v. Thomas*, 409 Md. 121, 147, 973 A.2d 185, 201 (2009) (citing *Attorney Grievance Comm'n v. Ugwuonye*, 405 Md. 351, 368, 952 A.2d 226, 236 (2008)). Based on our review of the record, and because neither Respondent nor Petitioner filed exceptions, we conclude that Judge Woodard's findings of fact are supported by clear and convincing evidence. We review the hearing judge's conclusions of law *de novo*, pursuant to Maryland Rule 16-759(b)(1).

MLRPC 8.1(b) requires a lawyer to timely respond to lawful requests for information from Bar Counsel. *See Attorney Grievance Comm'n v. Thomas*, 440 Md. 523, 554, 103 A.3d 629, 647 ( 2014) ("This Rule requires attorneys to answer timely requests from the Attorney Grievance Commission regarding complaints in potential disciplinary matters."). Respondent admitted in his answer to the Petition for Disciplinary or Remedial Action and at the disciplinary hearing that he received two "notices" from Bar Counsel in December 2012. Respondent further acknowledged in his answer, that he "did not immediately contact Bar Counsel when notified." Although Respondent disputed receiving some of Bar Counsel's letters, due in part to vandalism of his mailbox, he admitted that he failed to respond promptly to the December 2012 notices. Accordingly, we agree with Judge Woodard that Respondent violated Rule 8.1(b).[3]

## Sanction

In attorney discipline cases, the appropriate sanction depends on the facts and

---

[3] The hearing judge also determined Respondent did not violate Rule 8.4(d). Neither Petitioner nor Respondent filed exceptions; therefore, we need not address the 8.4(d) charge.

5

circumstances of each case, and should be "commensurate with the nature and gravity of the violations and the intent with which they were committed." *Attorney Grievance Comm'n v. Stein*, 373 Md. 531, 537, 819 A.2d 372, 375 (2003). "It is well settled that our obligation in disciplinary matters is to protect the public and maintain the public's confidence in the legal system rather than to punish the attorney for misconduct." *Attorney Grievance Comm'n v. Nichols*, 405 Md. 207, 217, 950 A.2d 778, 785 (2008) (quoting *Attorney Grievance Comm'n v. Ward*, 394 Md. 1, 32-33, 904 A.2d 477, 496 (2006)).

"The practice of law carries with it special responsibilities of self-regulation, and attorney cooperation with disciplinary authorities is of the utmost importance to the success of the process and the integrity of the profession." *Attorney Grievance Comm'n v. Fezell*, 361 Md. 234, 255, 760 A.2d 1108, 1119 (2000). Where an attorney fails to acknowledge and timely respond to lawful requests for information from Bar Counsel, without proffering to Bar Counsel a reason for delay and requesting an extension of time to respond, see *Attorney Grievance Comm'n v. Queen*, 407 Md. 556, 967 A.2d 198 (2009),[4] discipline is appropriate.

Petitioner recommends that we issue a reprimand as a sanction for Respondent's

---

[4] As noted by the hearing judge in this case, in *Queen* we explained that an attorney may request, in good faith, an extension of time to respond to requests from Bar Counsel:

> Because it would be unfair to require that a busy lawyer who is "up to the elbows" in a trial or in a transaction must "drop everything" and work on nothing else until completing his or her response to Bar Counsel's request for information, the lawyer who receives such a request can comply with the requirements of Rule 8.1(b) by (1) acknowledging receipt of Bar Counsel's request, (2) explaining why he or she needs an extension of time to file a response, and (3) requesting that Bar Counsel consent to an extension for a reasonable period of time.

407 Md. at 565, 967 A.2d at 203.

violation of MLRPC 8.1(b). In a case involving a violation of Rule 8.1(b) such as this, we have determined that a reprimand is appropriate. For example, in *Attorney Grievance Comm'n v. Oswinkle*, 364 Md. 182, 185-86, 772 A.2d 267, 269 (2001), cited by the hearing judge in this case, the attorney failed to respond to repeated letters and phone calls from Bar Counsel between August 1998 and April 1999, and then, after finally contacting Bar Counsel, failed again to respond to Bar Counsel's request for information. At the disciplinary hearing, the respondent in *Oswinkle* testified that "he did not realize how serious a complaint with the Attorney Grievance Commission was. Moreover, he hoped that [the client complaints] against him 'would go away.'" 364 Md. at 186, 772 A.2d at 269. We concluded that "[i]n considering whether Rule 8.1 has been violated, it is irrelevant whether [r]espondent *intended* to obstruct or interfere with Bar Counsel's investigation[,]" but his state of mind may be relevant to a determination of sanction. *Oswinkle*, 364 Md. at 190, 772 A.2d at 271 (emphasis in original). In considering the appropriate sanction, we stated that "discipline is warranted for [r]espondent's refusal to cooperate with Bar Counsel's investigation." *Oswinkle*, 364 Md. at 191, 772 A.2d at 272. Based on the circumstances in that case, namely "that this [was] [r]espondent's only disciplinary proceeding, that he did not intend to frustrate the investigation, and that no one was actually prejudiced by his conduct[,]" we concluded that a reprimand was appropriate. *Id.*

We have a similar situation here, where Respondent seemingly "stuck his head in the sand," apparently out of an irrational fear of Bar Counsel. In the answer to the Petition for Disciplinary or Remedial Action, Respondent admitted that, after receiving notice from Bar Counsel in December 2012, he "did not immediately contact Bar Counsel when notified[,

7

and] allowed [his] fear to overcome [his] reason." The record further indicates that Petitioner and its investigator, Mr. Versis, went to great lengths to contact Respondent over the course of nearly one year, including eventually a visit to Respondent's workplace and a meeting with Respondent's supervisor. The hearing judge found that "[f]rom March 2012 through February 2013, Petitioner mailed numerous letters to Respondent at both his 2022 Trenton Place address and his work address at USAID." In addition, she found that, according to Mr. Versis, "beginning in early October 2012, he repeatedly called Respondent" and received no response. Even after Respondent admittedly received the December 2012 letters, the hearing judge found that Bar Counsel left a telephone message for Respondent and that Mr. Versis "repeatedly attempted to contact Respondent by telephone[, and] Respondent failed to respond[.]" Moreover, Mr. Versis met with and interviewed Respondent on January 28, 2013, after interviewing Respondent's supervisor at USAID. Petitioner, however, did not receive any written response from Respondent until the receipt of Respondent's letter dated February 12, 2013.

Under these circumstances, all Respondent needed to do in order to resolve this matter was to pick up the phone and call Bar Counsel. By failing to do so, Respondent exacerbated the problem, leading to the instant disciplinary proceedings. It is also troubling that Respondent denied receiving all but two of Bar Counsel's letters when Mr. Versis testified

8

that Respondent admitted that he had received "all" of Bar Counsel's letters.[5] Nevertheless, these disputed facts are not essential to our disposition of this case. Giving Respondent the benefit of the doubt that he received only the two December 2012 letters,[6] the hearing judge found that Respondent failed to respond to Bar Counsel for approximately two months, between December 5, 2012 and February 12, 2013. We neither condone Respondent's irrational fear of Bar Counsel nor his delay in responding to Bar Counsel. Failing to respond in a timely manner to Bar Counsel's lawful requests for information is sanctionable conduct. Accordingly, Respondent is hereby reprimanded.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO RULE 16-761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST LANCE BUTLER, III.**

---

[5] As noted by this Court at oral argument, the hearing judge in this case did not make a specific finding as to the credibility of these statements (*i.e.* she did not state which statement she found as true). We note that, at the disciplinary hearing, as proof that he did not receive one of the earlier letters, Respondent pointed to a certified letter dated April 18, 2012 that was signed for by an individual other than Respondent, and Respondent denied having any knowledge of that individual.

[6] Respondent maintains that he only received the two letters sent to him in December 2012, but was unable to specify exactly when he received those letters. We are concerned that Respondent was unable to answer exactly when he received the letters he admits having received. We would expect an attorney to have a keener memory or keep better records of any and all communications received from Bar Counsel.

9

Circuit Court for Prince George's County
Case No. CAE13-23283

Argued: January 12, 2015

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 31

September Term, 2013

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

LANCE BUTLER, III

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Dissenting Opinion by Watts, J.

_____

Filed: January 27, 2015

Respectfully, I dissent. I would conclude that, under the circumstances of the case, Lance Butler, III ("Butler"), Respondent, did not violate the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") and, accordingly, I would dismiss this attorney discipline proceeding.

Here, the hearing judge found that Robert Versis ("Versis"), an investigator for the Attorney Grievance Commission ("the Commission"), Petitioner, testified that, during a telephone conversation with Butler in October 2012, Butler advised Versis that he had received all of the letters from the Commission, beginning with the March 2012 letter. By contrast, Butler testified that he did not made any such statement to Versis, but Butler acknowledged receiving letters from the Commission dated December 5, 2012, and December 26, 2012. Other than noting the testimony of Versis and that of Butler, the hearing judge did not resolve the factual discrepancy between the two differing versions of events. In other words, the hearing judge did not find that Butler had received all of the letters from the Commission, beginning with the March 2012 letter. Indeed, in concluding that Butler violated MLRPC 8.1(b) (Failing to Respond to Lawful Demand for Information from Disciplinary Authority),[1] in actuality, the hearing judge determined the following: "[Butler]'s repeated failure to respond to Bar Counsel's letters violated [MLRPC] 8.1(b). Assuming *arguendo*, that [Butler] was initially informed on December 5, 2012 of his need to respond to Bar Counsel, he failed to provide a written response until February 12, 2013."

---

[1]MLRPC 8.1(b) provides, in relevant part: "[A] lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from . . . [a] disciplinary authority[.]"

This is a period of only two months. At oral argument, when asked whether an attorney discipline proceeding would be initiated against a lawyer who did not respond to a letter for two months, Bar Counsel specifically stated that the Commission would not do so. And, yet, the Majority reprimands Butler for admitting that he responded two months later to two letters that had been sent in December 2012, see Maj. Slip Op. at 9-10—a circumstance for which the Commission would not have even initiated an attorney discipline proceeding.

At base, the hearing judge found that Versis and Butler testified differently about the letters, nothing more and nothing less. Significantly, the hearing judge did not find that Butler failed to respond to the Commission for almost a year, or that Butler failed to respond to any letters that the Commission sent before the December 5, 2012, letter. And, as the Majority acknowledges, in his answer to the Petition for Disciplinary or Remedial Action, Butler admitted only that he received two "notices" from Bar Counsel in December 2012 and that he did not immediately contact Bar Counsel. See Maj. Slip. Op. at 5-6. Moreover, the hearing judge found that, only two weeks after a meeting between Versis and Butler's supervisor on January 28, 2013, on February 12, 2013, Butler responded substantively in writing to the complaint that had been filed against him and, afterward, Butler "stayed in touch [with Bar Counsel] at least every week or every other week[.]"

Under these circumstances, and given the lack of a finding of fact by the hearing judge that Butler knowingly failed to respond to any letters from the Commission before the December 2012 letters, I would conclude that Butler's response on February 12, 2013— two months after receiving the December 5, 2012, letter, six weeks after receiving the

December 26, 2012, letter, and only two weeks after Versis contacted Butler's supervisor—was not so untimely as to constitute a violation of MLRPC 8.1(b).  See Attorney Grievance Comm'n v. Gray, 436 Md. 513, 521, 83 A.3d 786, 791 (2014) ("Pursuant to MLRPC 8.1(b), an attorney must answer timely requests from the [] Commission regarding a complaint in a potential disciplinary manner."  (Citation and internal quotation marks omitted) (brackets in original)).  Thus, I would conclude that Butler did not violate MLRPC 8.1(b), and I would dismiss the attorney discipline proceeding.

For the above reasons, respectfully, I dissent.