*Attorney Grievance Commission v. Lance Butler, III*, Misc. Docket AG No. 14, September Term 2016

**ATTORNEY MISCONDUCT — DISCIPLINE — DISBARMENT —** Respondent, Lance Butler, III, violated Maryland Lawyers' Rules of Professional Conduct 3.3 and 8.4(a), (b), (c), and (d). These violations stemmed from Respondent's conduct in falsifying and failing to file tax forms for multiple tax years; intentionally misrepresenting to his government employer the existence of, and earnings from, his private law practice and job as a personal trainer; misrepresenting his employment status to obtain a loan deferral; and lying under oath at a deposition and hearing in a prior attorney discipline proceeding. Disbarment is the appropriate sanction for Respondent's misconduct.

Circuit Court for Prince George's County
Case No. CAE16-25945
Argued: September 7, 2017

IN THE COURT OF APPEALS
OF MARYLAND

Misc. Docket AG No. 14

September Term, 2016

_____

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

LANCE BUTLER, III

_____

Barbera, C.J.,
Greene
Adkins
McDonald
Watts
Hotten
Getty,

JJ.

_____

Opinion by Barbera, C.J.

_____

Filed: October 23, 2017

On June 22, 2016, Petitioner, the Attorney Grievance Commission of Maryland ("AGC"), acting through Bar Counsel, filed in this Court a Petition for Disciplinary or Remedial Action ("Petition") against Respondent, Lance Butler, III. The Petition alleged violations of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") 3.3 (Candor Toward the Tribunal) and 8.4 (Misconduct).[1] Those violations stemmed from Respondent materially misrepresenting the existence of his private law practice and the status of his personal finances; falsifying his time sheets at his job with a federal agency; submitting false testimony during his deposition and hearing in a prior disciplinary proceeding; making material misrepresentations to the Inspector General of the federal agency at which Respondent was employed; and, for multiple years, failing to file certain tax returns and making misrepresentations on others.

Pursuant to Maryland Rules 16-752(a) and 16-757, this Court designated the Honorable Beverly J. Woodard ("the hearing judge") to hold an evidentiary hearing and make findings of fact and conclusions of law. On September 6, 2016, Respondent was served, pursuant to Rule 19-723(b), with the Petition and "Petitioner's Request for Admission of Facts and Genuineness of Documents." Respondent failed to respond to either. On October 6, 2016, Bar Counsel filed a Motion for Order of Default and Military Service Affidavit. On November 28, 2016, the hearing judge entered an Order of Default

---

[1] Effective July 1, 2016, the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") were renamed the Maryland Attorneys' Rules of Professional Conduct and recodified, without substantive change, in Title 19 of the Maryland Rules. Because we judge Respondent's conduct against the extant law at the time of his actions, we refer to the MLRPC throughout.

and mailed a copy to Respondent. The order included notice to the parties of the scheduled hearing. Respondent did not move to vacate the Order of Default.

The hearing judge held a hearing on January 13, 2017. Respondent did not appear at that hearing. The hearing judge deemed Respondent to have admitted both the averments in the Petition and the facts set forth in Exhibits 1–37 attached to Bar Counsel's Request for Admission of Facts and Genuineness of Documents, and treated all matters admitted as conclusively established. *See* Md. Rules 2-323(e), 2-424(b), (d); *Attorney Grievance Comm'n v. Bellamy*, 453 Md. 377, 385 (2017); *Attorney Grievance Comm'n v. Harmon*, 433 Md. 612, 619 (2013). The hearing judge issued written findings of fact and proposed conclusions of law, concluding that Respondent had violated MLRPC 3.3 and 8.4(a), (b), (c), and (d).

No exceptions were filed. Respondent made no written recommendation regarding sanction; Bar Counsel recommended disbarment. On September 7, 2017, we heard oral argument, at which only Bar Counsel appeared. On that same date, we issued a per curiam order disbarring Respondent. *Attorney Grievance Comm'n v. Butler*, ___ Md. ___ (2017), 2017 WL 3910147, at *1 (Md. Sept. 7, 2017). We explain in this opinion the reasons for that action.

I

A. The Hearing Judge's Findings of Fact

1. *Background*

In 1984, when he was seventeen years old, Respondent began working for the United States Agency for International Development ("USAID") as a typist. From 1984

to 2015, he held various non-legal positions at USAID. He continued to work in a non-legal capacity at USAID while attending law school and after being admitted to the Bar of Maryland in 2007 and the District of Columbia Bar in 2010.

In addition to his employment at USAID, Respondent maintained a law office in Prince George's County, Maryland. Respondent was temporarily suspended from the practice of law in Maryland on March 20, 2014, for failure to pay the required annual Client Protection Fund and AGC assessments. He remained in that status at the time of the hearing.

2. *The First AGC Complaint*

In April 2012, the USAID Office of the Inspector General received a complaint about Respondent. The complaint, which was submitted anonymously, alleged, among other things, that Respondent falsified his time sheets and purported to attend fabricated USAID meetings in order to spend time furthering his private law practice; improperly rendered, and received payment for, legal advice to his co-workers during work hours; provided false information about unemployment to his federal loan servicer to obtain a deferral; and failed to pay back income taxes.

The Inspector General referred the matter to the AGC, which sought to contact Respondent to elicit a reply to the allegations. After multiple attempts over many months, Bar Counsel's investigator finally made contact. Bar Counsel subsequently charged Respondent with violating MLRPC 8.1(b)[2] for knowingly failing to respond to a

---

[2] MLRPC 8.1(b) provides, in pertinent part, that "a lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from . . . [a] disciplinary authority[.]"

disciplinary authority. Following an evidentiary hearing in January 2014, the hearing judge found, by clear and convincing evidence, that Respondent violated MLRPC 8.1. In an opinion filed on January 27, 2015, this Court reprimanded Respondent. *Attorney Grievance Comm'n v. Butler*, 441 Md. 352 (2015). As we shall see, the substance of the allegations in the anonymous complaint, rather than Respondent's failure to reply to Bar Counsel's inquiries regarding that complaint, are the subject of the current proceeding.

3. *The USAID Inspector General's Investigation*

In April 2014, while the prior AGC proceedings were ongoing, the Inspector General began its own investigation of Respondent's conduct. The Reporting Agent assigned to the case reviewed documents and records and conducted interviews related to the allegations. Among those documents and records analyzed were Respondent's OGE Form 450 ("Confidential Financial Disclosure Report"); search results from Maryland Judiciary Case Search and Public Access Court Electronic Records (PACER); the websites of the District of Columbia and Maryland State Bar Associations; documents provided by Access Group, Inc., the federal loan processing company referenced in the anonymous complaint; documents, emails, and personal tax return forms found on Respondent's government computer; data from Respondent's parking logs; and records from Respondent's personnel security file at USAID. The Reporting Agent interviewed numerous witnesses, including Respondent's former clients and employees of USAID.

On March 10, 2015, the Reporting Agent interviewed Respondent. During the first hour, Respondent made multiple material misrepresentations to the Reporting Agent. The Reporting Agent then revealed that she had been investigating Respondent since early 2014

and asked if he would like to revise his prior statements. Respondent admitted that he had provided untruthful answers.

After its investigation was complete, the Inspector General transmitted a final report to the AGC.

4. *Additional Findings*

a. *Financial disclosure form*

From 2007 to 2014, in addition to being employed full time by USAID, Respondent maintained a private law practice in Maryland and represented clients in roughly fifty separate matters in court. Respondent also worked part time as a personal fitness trainer from 2010 to 2014.

As a federal government employee, Respondent was required to file an annual ethics disclosure form with the U.S. Office of Government Ethics to report certain financial information and outside activities that might present a conflict of interest. On February 16, 2012, he signed and filed a Confidential Financial Disclosure Report in which he falsely stated that he had no reportable assets or sources of income, liabilities, outside positions, agreements, or arrangements for himself outside of USAID, and he certified that those statements were "true, complete, and correct to the best of [his] knowledge." Moreover, he failed to file the required financial disclosure reports for the years 2010, 2011, 2013, and 2014.

b. *Unemployment deferment request*

In June 2014, the Inspector General reviewed documents provided by Access Group, Inc., Respondent's student loan servicer. In September 2010, Respondent became

delinquent on his student loan payments. He filled out and signed an Unemployment Deferment Request, which indicated that as of September 25, 2010, he qualified to have his payments deferred because he "became unemployed or began working less than full time" and was "diligently seeking but unable to find full-time employment in the United States . . . in any field or at any salary or responsibility level." Respondent also certified that he had "made at least 6 diligent attempts to find full-time employment in the most recent 6 months."

In January 2011, Respondent faxed a copy of the Request to Access Group, Inc. He certified that the information he provided was "true and correct," despite a clear warning on the form that "[a]ny person who knowingly makes a false statement or misrepresentation on this form" would be "subject to penalties that may include fines, imprisonment, or both[.]" Respondent later admitted to the Reporting Agent that he was employed full-time when he filled out the form and that he knew it was illegal to falsify information on a federal loan document.

c. *Tax returns*

Respondent "intentionally failed to file federal income tax returns for tax years 2008, 2009 and 2010." He also "failed to disclose to USAID that he had not filed state income tax returns for tax years 2008, 2009 and 2010," and he "intentionally failed to pay his income taxes for tax years including 2009, 2010 and 2013." On November 20, 2012, Respondent falsely stated to the USAID Office of Security that he had rectified his delinquent tax filings and payments. The hearing judge further found:

> In July 2013, the Respondent hand-delivered federal tax returns for 2009 and 2010 to the Office of Security. There was no evidence that the returns had actually been filed. The Respondent failed to claim his law practice on his

6

2009 return and misrepresented his associated earnings on his 2010 return. In August 2013, the Adjudications Chief of the Office of Security issued the Respondent a letter notifying him that his security clearance had been downgraded to "conditional" due to the Respondent having over $100,000.00 in delinquent debt and $1,127.93 in tax debt. The Chief advised the Respondent that he was to provide proof of filing his federal returns for tax years 2009 and 2010 and state returns for tax years 2008, 2009 and 2010 by August 31, 2013. The Respondent failed to provide the requested documentation.

In his interview with the Reporting Agent on March 10, 2015, Respondent admitted to knowingly falsifying his tax returns.

d. *National security questionnaire*

Respondent also intentionally misrepresented his financial status on a Questionnaire for National Security Positions, Standard Form 86, on September 12, 2012. In particular, he did not disclose that of forty-one active accounts, ten were in collection status, totaling over $100,000 in past due accounts. Further, Respondent did not disclose his failure to file federal or state income tax returns for tax years 2008, 2009, and 2010.

e. *Theft of services*

Respondent falsified numerous time sheets and submitted them to USAID. Specifically, the hearing judge found:

A review of the Respondent's time and attendance sheets, as compared to his court appearances and estimated transit time, revealed that approximately 200 hours in which the Respondent claimed to be working at USAID, on sick leave, or on jury duty[,] he was, in fact, working as an attorney for his private law practice. The number of hours amounted to a loss of approximately $9,500 to the government. Additionally, the Respondent used his government computer for his private law practice and worked for his private clients while present at USAID.

7

(Citations omitted). The documents recovered from Respondent's government computer and email account revealed numerous files concerning Respondent's private law practice and Maryland court cases in which Respondent was identified as the representing attorney.

f. *False testimony*

On January 10, 2014, Respondent was deposed by Bar Counsel in his prior disciplinary matter, *Attorney Grievance Comm'n v. Butler*, 441 Md. 352 (2015). Respondent testified in the deposition that he had reported Bar Counsel's investigation to the Inspector General. Respondent then testified at the hearing on the charged violations of the MLRPC on January 15, 2014, that he "self-reported [the AGC's investigation] to the [Inspector General]" and that there were "[n]o issues." In his interview with the Reporting Agent on March 10, 2015, Respondent admitted that he never reported the AGC's investigation to the Inspector General and that his testimony stating otherwise was false.

g. *Bar Counsel's investigation*

USAID suspended Respondent's security clearance on March 16, 2015. Shortly thereafter, Respondent resigned from USAID. On August 13, 2015, Bar Counsel received a complaint from the Office of the Inspector General. On August 28, 2015, Bar Counsel sent a letter to Respondent at the address listed in the Client Protection Fund and requested a reply. The letter was returned as undeliverable. Bar Counsel then attempted to serve Respondent at all known addresses but was unsuccessful.

B. The Hearing Judge's Conclusions of Law

Based on the record and the above-summarized findings of fact, the hearing judge concluded, by clear and convincing evidence, that Respondent violated MLRPC 3.3 and

8.4(a), (b), (c), and (d).

II

*Standard of Review*

"In attorney discipline proceedings, this Court has original and complete jurisdiction and conducts an independent review of the record." *Attorney Grievance Comm'n v. Good*, 445 Md. 490, 512 (2015) (citation omitted). We accept the hearing judge's findings of fact unless we determine that those findings are clearly erroneous. *Id.* "A hearing judge's factual finding is not clearly erroneous if there is any competent material evidence to support it." *Attorney Grievance Comm'n v. Hodes*, 441 Md. 136, 169 (2014) (citation omitted). Neither party filed exceptions to the hearing judge's findings of fact and conclusions of law. We may "treat the findings of fact as established[.]" Md. Rule 16-759(b)(2)(A).[3] We review *de novo* the hearing judge's conclusions of law, and we ultimately decide the appropriate sanction for an attorney's alleged misconduct. Md. Rule 16-759(b)(1), (c); *Good*, 445 Md. at 512.

III

Based on our independent review of the record, we agree with the hearing judge that Respondent violated MLRPC 3.3 and 8.4(a), (b), (c), and (d).

*Rule 3.3: Candor Toward the Tribunal*

Rule 3.3, in pertinent part, provides the following:

(a) A lawyer shall not knowingly:

---

[3] Maryland Rule 16-759 has been recodified without substantive change as Maryland Rule 19-741.

9

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]

In other words, an attorney "must be candid at all times with a tribunal or inquiry board." *Attorney Grievance Comm'n v. Joseph*, 422 Md. 670, 699 (2011). Accordingly, a lawyer violates Rule 3.3 when he or she gives "false and misleading testimony." *Attorney Grievance Comm'n v. White*, 354 Md. 346, 365 (1999).

The record is clear that Respondent violated Rule 3.3(a)(1). In March 2015, Respondent admitted to the Reporting Agent that he falsely testified, at his January 2014 disciplinary hearing, about having self-reported Bar Counsel's investigation to the Inspector General at USAID. Such testimony constituted a knowing and intentional misrepresentation of fact to the tribunal. Therefore, we agree with the hearing judge and conclude that Respondent violated Rule 3.3.

*Rule 8.4: Misconduct*

Rule 8.4, in relevant part, provides the following:

It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice[.]

As the hearing judge correctly found, Respondent violated Rule 8.4(b) by committing multiple criminal acts reflecting unfavorably on his honesty. On February 16, 2012,

Respondent violated 18 U.S.C. § 1001[4] when he submitted a Confidential Financial

Disclosure Report that he knew contained false information.  Respondent also violated

§ 1001 by making material misrepresentations to the Reporting Agent on March 10, 2015.

Respondent committed multiple violations of 26 U.S.C. § 7203.[5]  First, he

intentionally failed to file income tax returns for tax years 2009, 2010, and 2013.

---

[4] In pertinent part, 18 U.S.C. § 1001, "Statements or entries generally," provides the following:
> (a) [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
>    (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>    (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>    (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
> shall be fined under this title [or] imprisoned not more than 5 years[.]

[5] 26 U.S.C. § 7203, "Willful failure to file return, supply information, or pay tax," provides the following:
> Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution.  In the case of any person with respect to whom there is a failure to pay any estimated tax, this section shall not apply to such person with respect to such failure if there is no addition to tax under section 6654 or 6655 with respect to such failure. In the case of a willful violation of any provision of section 6050I, the first sentence of this section shall be applied by substituting "felony" for "misdemeanor" and "5 years" for "1 year".

Respondent also made material misrepresentations and omissions in his tax returns in other years: he failed to disclose income from personal training for tax years 1989 to 2000 or 2002; he failed to disclose the existence of, or income from, his private law practice for tax year 2009, and he incorrectly reported his income from that practice in tax years 2010 and 2011; he intentionally failed to timely file his federal and state income tax returns for tax years 2009, 2010, and 2013 and intentionally failed to fully pay taxes in those years; and he knowingly misstated to the USAID Office of Security the status of his federal and state income tax returns.

In addition, Respondent violated 20 U.S.C. § 1097[6] when he knowingly misrepresented his employment status in the Unemployment Deferment Request, dated October 25, 2010, and submitted to Access Group, Inc., in January 2011. That submission was also a violation of the perjury provision of Maryland Code Annotated, Criminal Law § 9-101.[7] Respondent further violated § 9-101 by filing his falsified Confidential Financial

---

[6] In relevant part, 20 U.S.C. § 1097, "Criminal penalties," provides the following:
    (a) In general
    Any person who knowingly and willfully embezzles, misapplies, steals, obtains by fraud, false statement, or forgery, or fails to refund any funds, assets, or property provided or insured under this subchapter . . . or attempts to so embezzle, misapply, steal, obtain by fraud, false statement or forgery, or fail to refund any funds, assets, or property, shall be fined not more than $20,000 or imprisoned for not more than 5 years, or both, except if the amount so embezzled, misapplied, stolen, obtained by fraud, false statement, or forgery, or failed to be refunded does not exceed $200, then the fine shall not be more than $5,000 and imprisonment shall not exceed one year, or both.

[7] In pertinent part, Maryland Code Annotated, Criminal Law § 9-101, "Perjury," provides the following:
    (a) *Prohibited*. — A person may not willfully and falsely make an oath or affirmation as to a material fact:

Disclosure Report; by testifying falsely on January 10, 2014, during his deposition; and by testifying falsely on January 15, 2014, at his hearing.

These transgressions, taken either separately or together, constitute clear and convincing evidence that Respondent violated Rule 8.4(b) by engaging in criminal activity that reflected adversely on his honesty, trustworthiness, and general fitness to act as a representative of the legal profession.

Bar Counsel also charged Respondent with violating 8.4(c). "As used in this Rule, a misrepresentation is made when the attorney knows the statement is false, and cannot be the product of mistake, misunderstanding, or inadvertency." *Attorney Grievance Comm'n v. Dore*, 433 Md. 685, 698 (2013) (citing *Attorney Grievance Comm'n v. Zeiger*, 428 Md. 546, 556 (2012)). Respondent admitted that on multiple occasions he knew that he was submitting false information. We therefore agree with the hearing judge that Respondent violated Rule 8.4(c); each contravention of Rule 8.4(b) described above also constitutes a violation of 8.4(c) because each act involved dishonesty, fraud, deceit, or misrepresentation. *Attorney Grievance Comm'n v. Pak*, 400 Md. 567, 606 (2007) ("Willfully providing false information in a deposition or in courtroom proceedings is a clear violation of [Rule 8.4(c)]."); *Attorney Grievance Comm'n v. Worsham*, 441 Md. 105,

---

(1) if the false swearing is perjury at common law;
(2) in an affidavit required by any state, federal, or local law;
(3) in an affidavit made to induce a court or officer to pass an account or claim;
(4) in an affidavit required by any state, federal, or local government or governmental official with legal authority to require the issuance of an affidavit; or
(5) in an affidavit or affirmation made under the Maryland Rules.

129 (2014) ("[T]he repeated failure to file income tax returns is 'a dishonest act, and reflects adversely on a lawyer's honesty, trustworthiness, and fitness to practice law.'" (quoting *Attorney Grievance Comm'n v. Atkinson*, 357 Md. 646, 655 (2000)). Moreover, Respondent violated Rule 8.4(c) by submitting falsified timesheets to USAID.

In light of the above, we have no difficulty concluding that Respondent's conduct was also prejudicial to the administration of justice and brought the legal profession into disrepute, in violation of Rule 8.4(d). *See, e.g.*, *Attorney Grievance Comm'n v. Rand*, 411 Md. 83, 96 (2009) ("In general, an attorney violates [Rule] 8.4(d) when his or her conduct impacts negatively the public's perception or efficacy of the courts or legal profession. . . . Dishonest conduct by an attorney also may be prejudicial to the administration of justice."); *Attorney Grievance Comm'n v. Garcia*, 410 Md. 507, 520 (2009) (attorney violated Rule 8.4(d) by filing a false document with federal immigration authorities); *Worsham*, 441 Md. at 130 ("Even though it does not directly injure a client, the willful failure to file returns or pay taxes is also prejudicial to the administration of justice because it cheats and defrauds the government." (citation omitted)).

Finally, because we determine that Respondent violated multiple provisions of the MLRPC, Respondent necessarily committed several violations of Rule 8.4(a).

IV

*The Sanction*

The fundamental aim of attorney discipline is well established—"to protect the public, not to punish the erring attorney." *Attorney Grievance Comm'n v. Rees*, 396 Md. 248, 254–55 (2006). In these cases, "[w]e are guided by our 'interest in protecting the

14

public and the public's confidence in the legal profession.'" *Attorney Grievance Comm'n v. Lewis*, 437 Md. 308, 329 (2014) (quoting *Attorney Grievance Comm'n v. Pennington*, 387 Md. 565, 595 (2005)). The proper discipline for an attorney depends on the facts and circumstances of each case, and as such, sanctions should be "commensurate with the nature and gravity of the violations and the intent with which they were committed." *Attorney Grievance Comm'n v. Stein*, 373 Md. 531, 537 (2003).

Here, disbarment is the appropriate sanction for Respondent's multiple violations of the MLRPC. Among other violations, Respondent submitted false testimony on two occasions; falsified state and federal forms and disclosures; and lied to the USAID Office of the Inspector General to cover up his acts of deceit. This Court has emphasized that "candor by a lawyer, in any capacity, is one of the most important character traits of a member of the Bar." *Joseph*, 422 Md. at 699 (citation omitted).

Respondent's prolonged course of dishonest and criminal behavior falls squarely on the spectrum of conduct for which disbarment is, and has been previously considered to be, appropriate. *See, e.g.*, *Attorney Grievance Comm'n v. Barnett*, 440 Md. 254, 270 (2014) ("This Court has held that intentional dishonest conduct by an attorney is almost beyond excuse[.]" (citation omitted)). In *Attorney Grievance Commission v. Zodrow*, we disbarred an attorney who, among other things, failed to make relevant disclosures and provided false testimony to the court during his personal bankruptcy proceeding. 419 Md. 286, 299–300 (2011). We also disbarred an attorney who repeatedly and intentionally failed to timely file federal tax returns over the course of roughly fourteen years. *Attorney Grievance Comm'n v. Katz*, 443 Md. 389 (2015). Respondent's conduct, of which

repeatedly failing to file state and federal tax returns is but a part, goes far beyond the behavior held to warrant disbarment in *Katz*.

Even considering that Respondent eventually admitted that he engaged in a prolonged course of fraudulent and criminal behavior, disbarment is generally the sanction for engaging in intentionally dishonest conduct. *Attorney Grievance Comm'n v. Vanderlinde*, 364 Md. 376, 418 (2001). And, given that the dishonest behavior also involved falsely testifying before a tribunal in violation of Rule 3.3, as was the case in *Zodrow*, disbarment is required.

For the reasons set forth in this opinion, we issued a per curiam order disbarring Respondent on September 7, 2017.